## 9158

### WICHMAN v. SCARPA *ET AL.*

#### (85 S. E. 1061.)

APPEAL AND ERROR. PLEADINGS. TRESPASS. JOINDER OF CAUSES OF ACTION.

1. APPEAL AND ERROR.—An order requiring a plaintiff to make his complaint more definite and certain by separately stating the acts of wrong alleged to have produced or contributed to his injury, is appealable.

2. PLEADINGS—JOINDER OF CAUSES OF ACTION—TRESPASS.—Under Code Civ. Proc., sec. 216, a plaintiff may allege in his complaint, two or more acts of trespass, which caused or contributed to his injury without stating them as separate causes of action.

Before MEMMINGER, J., Charleston, February, 1914. Reversed.

Action by August Wichman *v.* Mary Scarpa, Jane Barton, Paul Scarpa, Barton Scarpa, Mary Bilbro, May Patrick, Rheta Scarpa and Edward Scarpa, the last named being a minor over the age of fourteen years.

From an order requiring the plaintiff to make his complaint more definite and certain, he appeals. The facts are stated in the opinion.

*Mr. Theodore D. Jervey,* for appellant, submits: *Order involves merits and is appealable even before final judgment:* 52 S. C. 584; 60 S. C. 526; 65 S. C. 222; 93 S. C. 556. *Order does not specify in what particulars the complaint is to be amended:* 48 S. C. 179. *This is an action for*

*tort, several acts wrong contributing to a single injury:* 2 Wait's Pr. 355; Code Civil Proc., sec. 216; 64 S. C. 104; *Id.* 491; 65 S. C. 332; 66 S. C. 124. *Action on contract:* 27 S. C. 623. *Substance, rather than form, is to be regarded:* 29 S. C. 259; 57 S. C. 402; 64 S. C. 389. *Cause of action defined:* 1 Estee's Pl., sec. 128; 2 Wait's Pr. 353; 28 A. & E. Enc. of L. 554; 49 S. C. 95; 50 S. C. 54. *Continuing trespass:* 8 Rich. Eq. 46; 10 S. C. 476; 54 S. C. 430; 60 S. C. 381; 76 S. C. 266. *Survival of action against heirs:* Civil Code, sec. 3963; 71 S. C. 95. *Application of rules governing motion:* 81 S. C. 354; 54 S. C. 430; 73 S. C. 21.

*Mr. Paul M. McMillan,* for respondent, submits: *Order not appealable:* 52 S. C. 584; 82 S. C. 167; 78 S. C. 327.

August 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff states his cause of action in eleven paragraphs of his complaint, which are, in substance, as follows, except the eleventh, which is copied in full. He alleges:

1. That he is, and since 1889 has been, seized and possessed of a certain lot in the city of Charleston, which is described.

2. That, in 1901, Paul Scarpa, the elder, and Jane Barton erected on their adjoining lot a building whose eaves and gutters overhang his lot.

3. That, in 1911, the gutters leaked and threw the water from their roof upon his lot and fence, causing his fence to rot and become unserviceable.

4. That the servants of defendants have, from time to time, thrown slops from their kitchen window upon his premises.

5. That, on April 7, 1913, he had the dividing line surveyed, and attempted to erect a fence thereon.

6. That defendants obstructed the erection of the fence, and, on account thereof and of the illness of Paul Scarpa, the elder, he desisted from his attempts to erect the fence.

7. That, since April 7, 1913, he has endeavored to adjust the differences between himself and defendants, and has demanded the removal of the overhanging eaves and gutters and that he be allowed to build a fence on the line surveyed by him for the protection of his premises.

8. That, subsequent to April 7, 1913, Paul Scarpa, the elder, died, and his title and interest in said lot and building became vested in the defendants—other than Jane Barton— as his heirs at law.

9. That defendants have refused to permit a fence to be erected on the line surveyed by him, and have refused to remove the overhanging eaves and gutters.

10. That, on November 5, 1913, defendants wilfully and wantonly entered upon his premises, through their kitchen window, to his annoyance, injury and damage.

11. That the continuing overhanging and projection over the premises of plaintiff of the cornice eaves and gutter on the building on premises of defendants, and the actings and doings of defendants as aforesaid, constitute a trespass upon plaintiff's premises by which the value, comfort and security of his premises have been greatly depreciated, to the great loss and irreparable injury of plaintiff.

The relief prayed for is: 1. That the line surveyed by him is adjudged to be the true dividing line. 2. That defendants be enjoined, from interfering with him in the erection of a wall thereon. 3. That the overhanging eaves and gutters be removed. 4. For $210 damages.

On motion of defendant, the Circuit Court ordered the complaint made more definite and certain by requiring plaintiff to state separately the six causes of action therein alleged, to wit:

1. "For erecting a cornice, in 1901.

2. For damage from leak, in August, 1911.

3. For throwing water and slops on plaintiff's premises.

4. For refusing to allow plaintiff to erect a fence.

5. For trespass, alleged on November 5, 1913, and

6. For damage to plaintiff's premises by reason of an overhanging cornice and gutter."

From this order plaintiff appealed.

Defendant's objection to the consideration of the appeal on the ground that the order is not appealable is overruled. *Pickett* v. *Fidelity Co.*, 52 S. C. 584, 30 S. E. 614; *Hawkins* v. *Wood*, 60 S. C. 521, 39 S. E. 9; *Bolin* v. *Ry.*, 65 S. C. 222, 43 S. E. 665; *Bell* v. *Jackson*, 93 S. C. 556, 78 S. E. 679.

Section 216 of the Code of Procedure reads as follows: "How Two or More Causes of Action for Damages May Be Pleaded.—In all cases where two or more acts of negligence, or other wrongs, are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff, in such suit, shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

The gist of an action for damages for trespass upon realty is the interference with the possession or injury to the property. Under the old practice each separate and distinct act of trespass gave rise to a separate cause of action, and, while several of these might be joined in the same action, they had to be stated in separate counts. *Floyd* v. *Floyd*, 38 S. C. L. (4 Rich. L.) 23. The act of 1898, section 216 of Code of Civil Procedure above quoted, was intended to remedy this defect in procedure; and, now, a plaintiff may set out in his complaint two or more acts of negligence, *or other wrongs, which cause or contribute to*

*the injury for which his suit is brought,* without stating them as separate causes of action.

The gravamen of plaintiff's complaint is the interference with his possession and injury to his property, and the eleventh paragraph of his complaint shows that his intention was to make all the preceding acts of trespass and injury allege one cause of action. We see no good reason why he should be required to split them up into half a dozen.

Whether these defendants, or any of them, are liable for trespasses committed by Paul Scarpa, the elder, is not before us, and, of course, it is not adjudicated. That issue can be litigated at the trial.

Order reversed.