## 9592

### RAFTELIS v. BANK OF GEORGETOWN.

#### (91 S. E. 317.)

ACTION—JOINDER OF CAUSES OF ACTION.—A complaint against a bank alleged that plaintiff was a depositor, and drew two checks on his account, which the bank refused to pay, though plaintiff had funds on deposit sufficient to cover the checks, and that, when plaintiff demanded the reason, the bank's cashier stated that a third person claimed to be entitled to the funds deposited by plaintiff, and the complaint alleged injury to plaintiff's credit, and a wilful disregard of his right to have his checks paid on presentation. *Held*, that the complaint did not state two causes of action, the refusal to pay the checks being a part and the result of the one transaction, the resultant injury to plaintiff being the same, or rather cumulative.

Before SHIPP, J., Georgetown, May, 1916. Affirmed.

Action by James Raftelis against the Bank of Georgetown. From an order denying defendant's motion to require plaintiff to state his two causes of action separately, defendant appeals.

---

FOOTNOTE.—As to what is a single cause of action, see *Emory* v. *Hazard Powder Co.,* 22 S. C. 481, and *Wichman* v. *Scarpa,* 101 S. C. 437, 85 S. E. 1061.

*Mr. Walter Hazard,* for appellant, submits: *Separate statements:* C. C. Rule 18; Code Civ. Proc., sec. 218. *Order appealable:* 26 S. C. 415; 8 S. C. 112; 11 S. C. 122. *Distinguishes:* 42 S. C. 547; 60 S. C. 521; 36 S. C. 36; 74 S. C. 13; 77 S. C. 367; 34 S. C. 346. *Appealable orders:* 78 S. C. 329; 65 S. C. 226; 66 S. C. 16; 11 S. C. 411; 13 S. C. 23; 14 S. C. 436; 26 S. C. 415; 32 S. C. 142; 36 S. C. 310 and 359; 45 S. C. 470, 481; 74 S. C. 13; 78 S. C. 327; 1 Ency. Pl. & Pr. 531, 532. *The complaint states two distinct causes of action jumbled in one; remedy by motion* 82 S. C. 562; 68 S. C. 257; 44 S. C. 143; 57 S. C. 506, 64 S. C. 394. *Duty of bank to honor customer's checks:* 2 Morse Banks & Banking, sec. 311. *Damages recoverable:* 70 S. C. 108; 62 S. C. 239; 9 Exch. 341; 1 Street Foundations Legal Liability, 38 and 88; Pom. Rem., sec. 567, 562, 571, 573, 559, 568; 44 N. Y. 63; 42 N. Y. 83; 24 N. Y. 610; 30 Wis. 624; Code, sec. 216. *Act of 1898 inapplicable:* 55 S. C. 90; 64 S. C. 104 and 491; 66 S. C. 542; 61 S. C. 170; 72 S. C. 256; 57 S. C. 234; 42 S. C. 114; 35 S. C. 486; 65 S. C. 222 and 332; 66 S. C. 124 and 542; 72 S. C. 256; 73 S. C. 181 and 218; 73 S. C. 523; 81 S. C. 578; 91 S. C. 523, 541; 81 S. C. 317; 82 S. C. 456; 101 S. C. 437.

*Mr. Capers G. Barr,* for respondent, cites: Code Civ. Proc., sec. 216; 82 S. C. 456; 101 S. C. 437; 74 S. C. 185; 4 Rich. L. 23.

February 8, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiff alleged that he was a depositor in the defendant bank and drew two checks on his account; that the defendant refused to pay either check, although the plaintiff had funds on deposit with the defendant, in excess of the

sums for which the checks were drawn; that, when the plaintiff demanded to know why his checks were not honored, the defendant's cashier stated that a third person claimed to be entitled to the funds in the bank deposited by the plaintiff, and for that reason the checks had been refused payment.  The complaint alleged injury to his credit and a wilful and wanton disregard of the plaintiff's rights to have his checks paid on presentation.  The defendant made a motion to strike out certain allegations of the complaint and to require the plaintiff to state his causes of action separately.  The motion to require the plaintiff to state the two causes of action separately was refused, but the motion to strike out certain allegations was granted.  The defendant appealed from the refusal of its motion to require the plaintiff to state the two acuses of action separately.

There are eight exceptions, but they are all based upon the idea that the plaintiff had stated two causes of action.  The plaintiff has not appealed.  The plaintiff alleged that the defendant had allowed a stranger to hold up his account and prevent the payment of his checks.  It is very clear then that, if the checks were refused payment because of the alleged attachment (practically) of plaintiff's account, then the refusal to pay the checks was a part and the result of the one transaction and so alleged in the complaint.  The resultant injury to the plaintiff was the same, or rather merely cumulative.

The order appealed from is affirmed.