[No. 16591.  Department One.  February 6, 1922.]

F. M. Helsley, *Appellant,* v. American Mineral
Production Company, *Respondent.*[1]

Contracts (72)—Entire or Severable Contracts. Whether a
contract is divisible or indivisible so as to permit the maintenance
of more than one action thereon, is determinable upon the bare
facts of the contract itself; and a contract is devisible where it
requires a purchaser of automobile trucks to pay a certain sum
on a specified date, and also to pay designated accounts and bills
due and owing by the seller.

Judgment (213-3) — Bar — Matters Concluded — Contracts —
Splitting Causes of Action. A contract for the sale of automobile
trucks requiring the purchaser to pay a sum certain in money on
a specified date, and also to pay designated accounts or bills then
due and owing by the seller, is a divisible one, and judgment in
an action to recover the cash payment is not a bar to a subsequent
action to recover the amount of the bills and accounts which the
purchaser had assumed and agreed to pay as part consideration for
the sale.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered March 29, 1920,
upon findings in favor of the defendant, dismissing an
action on contract, tried to the court. Reversed.

*Zent & Jesseph,* for appellant.
*Post, Russell & Higgins,* for respondent.

Bridges, J.—The chief question involved in this
appeal is concerning splitting causes of action. The
facts are as follows: On the 14th day of July, 1917,
the plaintiff sold to the defendant his interest in cer-
tain automobile trucks. The consideration to be paid
by the defendant was, first, $5,500, in money, to be paid
on the 18th of July, 1917 (four days after the sale);

[1]Reported in 204 Pac. 190.

and, second, the agreement on the part of the defendant to pay certain designated accounts or bills of the plaintiff which were then due and owing. Defendant took possession of the trucks. It refused to make the $5,500 money payment on the date agreed on, and within a few days thereafter the plaintiff brought suit against it to recover the amount of such cash payment. This suit was later transferred to the United States district court, where, after trial, judgment was rendered for the plaintiff, and that judgment was subsequently paid. This suit was instituted several months after the sale of the trucks, and its purpose was to recover of defendant $606.14, being the amount of bills and accounts of the plaintiff which the defendant had assumed and agreed to pay as part of the consideration for the sale of the trucks, and which the plaintiff had been required to, and did, pay previously to the bringing of this action. The case was tried to the court without a jury, and findings substantially in accordance with the facts as we have stated them were made by the trial court.

That court further found, and we think correctly, that in the previous suit the plaintiff testified that the consideration for the trucks was the sum of $5,500, and the assumption of the debts heretofore mentioned. It appears that the plaintiff in that action did not seek to recover, and did not recover, anything other than the $5,500 which was to be paid in cash, although he knew that the debts which the defendant agreed to pay had not been paid. The court's conclusion was that the case should be dismissed, and judgment was entered in accordance therewith. The plaintiff has appealed from that judgment. There is nothing in the record to show on what ground or for what reason the case was dismissed, but, judging from the briefs, it was because the court considered the contract of sale

an entire and indivisible one, and that the appellant was bound to make all of his recovery in one action, and that the action in the Federal court was a bar to further suit on the contract. These are the only questions which have been discussed here.

Whether more than one suit can be brought to recover on a single contract depends on whether or not that contract is divisible or indivisible. The courts and authorities can do nothing more than lay down general rules concerning this question, and such rules are seldom determinative of the questions arising under a particular contract. Whether a contract is divisible or indivisible must be determined upon the bare facts of that contract.

The general rule is laid down in 1 C. J. 1108, as follows:

"The application of the rule is restricted entirely to claims and causes of action which are single and indivisible; and it does not prevent the bringing of separate actions upon separate and distinct causes of action, whether such causes arise out of contract or tort, and notwithstanding they are of such a character that they might properly be joined in the same action, this circumstance being immaterial except as authorizing the court in proper cases to order a consolidation of the different actions. Nor is there any splitting of causes where the demand which is the subject of the second action was not due at the time of the first action."

The rule as given in 24 Am. & Eng. Ency. Law (2d ed.), p. 786, is as follows:

"The rule is well established that a single and indivisible cause of action, whether founded upon a contract or a tort, cannot be divided and made the subject of several suits. All the items which go to make up the demand must be recovered in a single action. If the party entitled thereto brings an action for a part

only of such demand, a judgment therein will forever estop him from bringing suit for the residue.''

In the case of *Harsin v. Oman,* 68 Wash. 281, 123 Pac. 1, this court said:

''While it is admitted there can be but one recovery upon the same cause of action, this does not mean the subject-matter of a cause of action can be litigated but once. It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist.''

We are satisfied that the action in the Federal court was not a bar to this action. The consideration involved in the contract was of two different kinds, one a cash payment, and the other an agreement to pay certain debts of the appellant. The money payment was to be made on a date fixed, but the time for paying the appellant's debts was not fixed, and the respondent had a reasonable time within which to pay them. The action in the Federal court was one for debt, the action here is for the breach of a contract. For these reasons, we are satisfied that the appellant was entitled to maintain this action.

The trial court found appellant was entitled to recover if the suit in the Federal court did not bar him, but it did not find the amount of the debts which the respondent had agreed to pay and had not paid. The testimony, however, shows that the amount the appellant is entitled to recover is the sum of $595.14. The judgment is reversed, and the cause remanded with directions to the lower court to enter judgment for the appellant, and against the respondent, in the sum of $595.14.

PARKER, C. J., FULLERTON, and MITCHELL, JJ., concur.