14691

FLOYD v. AMERICAN EMPLOYERS' INS. CO. OF
BOSTON, MASS.

(197 S. E., 385)

*Messrs. Johnson & Johnson,* for appellant,

*Messrs. E. W. Johnson* and *C. E. Daniel,* for respondent,

May 26, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On February 2, 1934, the appellant, American Employers' Insurance Company of Boston, Massachusetts, issued to

Floyd's Mortuary, a corporation, a policy of liability insurance on a fleet of fourteen automobiles, consisting of three hearses, two ambulances, five sedans, and other motor vehicles—all of which were used in the respondent's business of funeral director and undertaker. A separate insurance premium was charged for each of these motor vehicles, the aggregate of the premiums amounting to $556.49.

On June 27, 1934, one of the respondent's automobiles, a Cadillac sedan, described in the policy, while being operated by one of the respondent's employees in connection with the conduct of a funeral and interment, overturned while returning from the place of interment, as a result of which accident six of the occupants of the car claimed to have sustained bodily injuries. Thereafter each of these persons brought a separate suit against the respondent for damages alleged to have been sustained by them severally on account of the negligent and wanton operation of the automobile. Notice of such suits was promptly given to the appellant, which denied liability under the terms of the policy. By agreement all of the cases were tried together. The respondent defended the actions, and the trial resulted in a verdict in favor of five of the claimants in varying amounts. Judgments were entered on the verdicts adverse to the respondent on June 14, 1935.

On August 28, 1935, the respondent, having satisfied three of the judgments, brought an action against the appellant for the reformation of the policy so as to correctly name the respondent as the insured, and for the recovery under the policy of the amount alleged to have been paid by the respondent in satisfying the judgments and in defending the actions. This action was tried on November 19, 1935, and resulted in a verdict in favor of the respondent for $1,130.30. This judgment was paid by the appellant, and was satisfied.

During the pendency of the aforementioned action, the respondent commenced the action at bar against the appel-

lant, on November 1, 1935. The complaint purported to allege three causes of action: (1) For reformation of the policy so as to name the respondent as the assured; (2) To recover damages for appellant's alleged breach of the policy by failing to pay the remaining two judgments, to wit: a judgment of $300.00, and costs, obtained against the plaintiff by J. E. Bailey, one of the occupants of the Cadillac sedan, together with legal expenses incurred by the respondent in defense of such action; and (3) For the alleged breach of the policy by failing to pay a judgment for $1,800.00, and costs, obtained against the respondent by James Stafford, resulting from the same accident, together with legal expenses incurred by the respondent in defense of that action.

The two judgments referred to in the foregoing complaint were obtained in the same trial and at the same time as were the three to which we have already referred.

Later, the respondent filed an amended complaint, setting up as additional elements of damage certain medical and hospital expenses guaranteed or paid by her in caring for Bailey and Stafford immediately following the accident, which she claimed were covered by the policy. These additional elements of damage were not stated as a separate cause of action, but were incorporated in the second and third causes of action to which we have just made reference.

As a defense to this last-mentioned action, the appellant pleaded the former judgment as a bar, alleging that the damages claimed by the respondent in the case at bar, are damages which taken singly or collectively could and should have been included in her action for reimbursement, commenced August 28, 1935, inasmuch as any right which she may have had to recover such damages had fully accrued at the time of the commencement of that action. It was further alleged that the respondent improperly split her alleged cause of action into two separate suits. Other defenses were pleaded, but in our view of the case it is not necessary to consider them.

The trial Judge overruled the appellant's plea in bar, and the trial resulted in a verdict against it in favor of the plaintiff.

The appeal presents several issues, but in our opinion we need only consider whether the trial Judge erred in refusing to sustain the appellant's plea in bar.

The insurance policy contains the following provision (Sec. II), pertinent here: "(a) To pay and satisfy judgments rendered against the Assured in legal proceedings defended by the Corporation and to protect the Assured against the levy of executions issued against the Assured upon the same, all subject to the limits expressed in Item 5 of the Declarations; and, in addition (b) to pay all expenses incurred by the Corporation for investigation, negotiation, and defense of any such claims or proceedings; the expense incurred by the Assured for such immediate medical or surgical relief as shall be imperative at the time any such injuries are sustained　*　*　*."

Under this section of the policy the appellant denied all liability, and so notified the respondent several months prior to the institution of the respondent's action of August 28, 1935.

The appellant contends that the respondent split her cause of action into two separate suits, and that judgment having been rendered on the merits in the action of August 28, 1935, such judgment constituted a bar to any recovery in the instant case, which is based upon damages flowing from the same breach of the contract.

It is manifest from the record that every element of damage now sought to be recovered by the respondent in the case at bar, had fully accrued at the time she brought her prior action of August 28, 1935. Prior to the commencement of that action, all liability of the respondent to the persons injured in the accident had finally been determined and adjudicated; all legal expenses of the respondent in defense of the actions arising out of the accident had been fixed and

agreed upon; and the amount and the extent of all hospital and medical bills incurred by the respondent for Bailey and Stafford, had long since been ascertained. There is no element of damage claimed in the instant case which had not fully accrued at the time of the commencement of the plaintiff's prior action.

The legal proposition that a judgment for a part of one entire demand is a conclusive bar to any other suit for another part of the same demand, is everywhere inflexibly maintained. No formula has been devised which furnishes a test for determining in all cases what contracts are severable and what are entire. The primary criterion for determining the question is the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, by the subject-matter to which it has reference and by the circumstances of the particular transaction giving rise to the question. 12 Am. Jur., Contracts, Sec. 315.

The question of whether a contract is entire or divisible is ordinarily determined by inquiring whether the contract embraces one subject-matter or more, whether the obligation is due at the same time to the same person, and whether the consideration is entire or apportioned. If the consideration to be paid is single and entire the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items. 12 Am. Jur., Contracts, Sec. 317.

It has been said that "the courts and authorities can do nothing more than lay down general rules concerning this question, and such rules are seldom determinative of the questions arising under a particular contract. Whether a contract is divisible or indivisible must be determined upon the bare facts of that contract." *Helsley v. American Mineral Production Company*, 118 Wash., 571, 204 P., 190, 191, 1 C. J. S., Actions, § 103, p. 1317.

In *United States v. Throckmorton,* 98 U. S., 61, 25 L. Ed., 93, it is said by the Federal Court that (page 65) "There are no maxims of the law more firmly established, or of more value in the administration of justice than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely, interest *rei publicae ut sit finis litium,* and *nemo debet bis vexari pro una et eadam causa."* Hence the principle is uniformly and inflexibly maintained that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand. A claim which is in its nature entire cannot be split up into several causes of action, and if suit is brought for a part only of the items constituting an entire claim, recovery for that part will bar recovery in any subsequent suit for the residue or any other items of the same demand. *Pomeroy v. Prescott,* 106 Me., 401, 76 A., 898, 138 Am. St. Rep., 347, 21 Ann. Cas., 574.

An epitome of the holdings of the Courts of various jurisdictions is found in the following quotation from 1 C. J. S., Actions, § 102f, p. 1310:

"The rule against splitting causes of action is restricted in its application to claims and demands which are parts of a single and indivisible cause of action and which are capable of recovery in the first action. A plaintiff who is not authorized to join the claims cannot later be met with the defense that he split the cause of action.

"If at the time of the commencement of an action to recover on a severable part of a claim, then capable of recovery in such action, another severable part of such claim is incapable of recovery in that particular action, either because not yet due or because otherwise incapable of recovery in that particular action, it may be made the subject of a separate action without violating the rule prohibiting the splitting of causes of action. Thus, where several claims payable at different times arise out of the one cause of action, separate actions may be brought as each

liability accrues, but where no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought to recover upon one or more that are due but not upon all that are due, a recovery in such action will be a bar to a second or other action brought either to recover one or more of the other claims that were due at the time the first action was brought or for other relief based on the default in payment of such claims.

"The rule does not prevent plaintiff from suing for a part of a single cause of action; it applies only where the claims or demands are divided and made the basis of several actions; and if he does not sue for a part, it merely precludes him from thereafter maintaining another action for the other portion. * * *"

The rule invoked is analogous to that which prevails with reference to torts. It is well settled that a single tortious act which causes only personal injuries gives to the injured individual but a single right of action, no matter how varied or numerous the injuries may be. It is equally as clear that but one action may be maintained for a single wrongful or negligent act which destroys or damages numerous items of another's property. In harmony with the principle just enunciated, the great weight of authority in this country is to the effect that a single tortious act which causes another to suffer both personal injury and property damage constitutes but one cause of action. *Holcombe v. Garland & Denwiddie, Inc.,* 162 S. C., 379, 160 S. E., 881; *First Nat. Bank v. Thomas.* 118 S. C., 134, 110 S. E., 113; *Raftelis v. Bank of Georgetown,* 106 S. C., 315, 91 S. E., 317; *Birmingham S. R. Co. v. Lintner,* 141 Ala., 420, 38 So., 363, 109 Am. St. Rep., 40, 3 Ann. Cas., 461; *Fields v. Philadelphia R. T. Co.,* 273 Pa., 282, 117 A., 59; *Doran v. Cohen,* 147 Mass., 342, 17 N. E., 647; *King v. Chicago, etc., R. Co.,* 80 Minn., 83, 82 N. W., 1113, 50 L. R. A., 161, 81 Am. St. Rep., 238; *Georgia Ry. & Power Co. v. Endsley,* 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256.

It is a rule generally recognized that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and the same form of action brought for each, or two suits maintained, without defendant's consent. A party may not split up his demand or prosecute it piecemeal or present only a portion of the grounds upon which relief is sought, and leave the rest for a second suit. If such were permitted there would be no end to litigation. For an interesting note on this subject dealing with insurance policies, see 69 A. L. R., 889.

We think there can be no doubt that the respondent has split her cause of action. The contract was in its very nature entire. All the damages which the respondent could, under any circumstances, recover, were such as flowed directly and necessarily from the appellant's breach of the policy contract, and its denial of liability. Manifestly, the plaintiff could have sued to recover all of her damages for a breach of the contract in the first action. The several judgments and the claim for hospital and medical expenses constituted items of damage properly recoverable in one action. They all arose out of a single transaction. All of these elements entered in to complete the alleged wrong to the respondent.

The point is well illustrated in *Threatt v. Brewer Mining Co.,* 49 S. C., 95, 26 S. E., 970. In that case the issue arose when plaintiff sought damages for injury by the milling operations of the defendant, to plaintiff's bottom land, and for other items set out in the claim. A motion was made to require plaintiff to elect on which cause of action he would proceed, which motion was refused; the Circuit Judge held that there was but one cause of action stated. This ruling was made a ground of appeal by defendant. Delivering the opinion of the Court, Mr. Justice Pope said (page 981) : "What the plaintiff in the case at bar really seeks is to prevent the defendant, through its milling operations, from

invading his right of property. The injury to his bottom land is one element in this invasion of his right of property; the injury to his right to water his stock in the stream is another element; the injury to pure air at his home is another element; the injury to his fishing privilege in such stream is another element; the injury to the two neighborhood roads is another element; the injury to his ditches another element; and the injury to the air he breathes while in his bottom lands is another element. All these elements enter in to complete the alleged wrong to plaintiff by this defendant through his milling operations. The Circuit Judge evidently took this view of the complaint when he overruled this objection to it. We take the same view."

The Court in *Holcombe v. Garland & Denwiddie, Inc.,* *supra,* commenting upon the foregoing case, said (160 S. E., page 883) : "The irresistible conclusion from this opinion is that, if plaintiff had sought to make each of these elements of damage the basis of an action, he could not have maintained such separate actions, because there was only one primary right and one primary wrong."

The respondent contends that at the time the first action was brought the claims set up in the action at bar had not matured or been reduced to certainty, in that the respondent could not have sued the appellant for the medical expenses until after she had exhausted every reasonable remedy against those (Bailey and Stafford), for whom such expenses had been incurred. It appears that at her own instance she brought a proceeding to offset medical expenses against the Bailey and Stafford judgments involved in the act at bar, in order to determine whether her claim for these expenses was assertible against the appellant. We are unable to appreciate the force of this argument. As hereinbefore stated, she knew the amount of the hospital and medical expenses incurred by her prior to the bringing of her first action, namely, that of August 28, 1935. So that even if these expenses be deemed a severable part of her claim, they

were then just as capable of recovery in that action as in this.

Our attention is called by the respondent to the case of *Rosso v. New York Life Ins. Co.,* reported in 157 Miss., 469, 128 So., 343, 69 A. L. R., 883, as sustaining her contention that she had two different causes of action: one for liability growing out of the automobile accident, and the other for hospital and medical expenses. In that case the Court held that where an insurance policy provides for sick or disability benefit payable to the insured, for which a premium is collected, and also provides insurance on the life of the same person, payable to a named beneficiary in a named sum, for which a different or distinct premium is paid, recovery in a suit for the amount of the life insurance policy does not prevent a subsequent suit for the disability benefit, although, under the terms of the policy, the disability benefit became the property of the beneficiary in the policy on the death of the insured. The Court held that there were two different causes of action, and a plea of *res adjudicata* in such case was bad.

In the *Rosso case,* the insurance policy provided for and required the payment of a premium for sick or disability benefit, and also provided for and required the payment of a different and distinct premium for the life insurance feature. In effect there were two contracts, each based upon the paymetnt of a separate premium.

In the case at bar, the policy provided for and required the payment of one premium, to wit: $38.55, covering public liability and property damage within certain fixed limits; and it also included coverage for the same premium, for the expense incurred by the assured for immediate medical or surgical relief at the time any injuries were sustained. There was no different or distinct premium paid for such medical or surgical relief. There was but one contract; but one primary right and one primary wrong, and all damages flowing

from the breach of the policy provision constituted but one entire cause of action, arising out of one transaction.

In addition to the authorities already cited and quoted, we call attention to the cases of *Mitchell v. Federal Intermediate Credit Bank of Columbia,* 165 S. C., 457, 164 S. E., 136, 83 A. L. R., 629, and *Lawton v. New York Life Ins. Co.,* 181 S. C., 230, 186 S. E., 909, which discuss the question.

The case of *Lawton v. New York Life Ins. Co., supra,* is especially in point and supports the conclusion we have reached in this case.

The same question considered here was discussed and passed upon in *Burritt v. Belfy,* 47 Conn., 323, 36 Am. Rep., 79. There the Court, reaching the same conclusion reached by us, said: "The result of the plaintiff's attempt to split his cause of action will be the loss of the principal part of his debt, which is to be regretted. But the law ceases to be law, it ceases to promote justice, if it is changed for every case. The greatest good to the greatest number requires a firm adherence to just general principles. Should we concede to the plaintiff in this case the right he claims to maintain these two suits, it would of necessity concede also his right to split his cause of action into twenty-five parts, one for each month's occupancy. Such a result would be simply intolerable."

Judgment reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.