## 8059

### MYERS v. BURNSIDES.

1. REAL PROPERTY—ILLEGITIMACY—ESTOPPEL—APPEAL.—Findings by the Circuit Court in a law case tried by the Court by consent that (1) title to the land in question was never in plaintiff's father, (2) he was an illegitimate child, (3) he is estopped from maintaining this action by an adjudication of his illegitimacy in a former action to which he was a party, being supported by the evidence, are not reviewable by this Court.

2. REHEARING *refused.*

Before SHIPP, J., Richland, February, 1910.   Affirmed.

Action by David Myers against Mecker McCants Burnsides in her own right and as executrix.   Plaintiff appeals.

*Mr. Barnard B. Evans,* for appellant.   No argument furnished reporter.

*Mr. D. W. Robinson,* contra, cites: *A judgment should not be set aside by collateral attack:* 83 S. C. 170; 62 S. C. 540; 34 S. C. 460; 125 N. C. 177.   *Where it can be done judicial sales will be supported:* 18 S. C. 126; 16 S. C. 281; 23 S. C. 514; 25 S. C. 275; 77 S. C. 393.   *Jurisdictional defects must appear of record:* 48 S. C. 569; 71 S. C. 397; 1 Green Ev., sec. 19; 47 S. C. 518; 79 S. C. 306; 10 Pet. 449; 72 S. E. 149.   *The question at issue is res judicata:* 69 S. E. 85; 64 S. C. 429; 63 S. C. 224.   *Defendant is entitled to be protected as purchaser for value:* 14 S. C. 318; 23 S. C. 502.

The opinion in this case was filed on August 10, 1911, but remittitur held up on petition for rehearing until

December 19, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  This is an action at law to recover possession of real estate which plaintiff claims as heir of Baron DeKalb Myers.  By consent, the issues were tried by the Court upon the testimony, which was taken and reported by the master.  The Court found:

1. That the evidence did not warrant the finding that title was ever in Baron DeKalb Myers.  2. That plaintiff is an illegitimate son of Baron DeKalb Myers, and therefore not his heir.  3. That plaintiff is estopped by the judgment of the Court of Common Pleas for Richland county in the case of *Josephine Moore* v. *Jane Myers et al.,* to which action he was a party, and in which it was adjudged that he was illegitimate and not an heir of Baron DeKalb Myers, and had no interest in the land in dispute in that action, which is the same land herein sued for.

These findings are all supported by the evidence, and are, therefore, not reviewable by this Court.

Affirmed.

Petition for rehearing dismissed by formal order filed December 19, 1911.