## 8524

### GIBBES MACHINERY CO. v. RIVERS.

RES ADJUDICATA—CHATTEL MORTGAGES—CLAIM AND DELIVERY—Where a mortgagee after condition broken brings action in claim and delivery for possession of mortgaged property, the issues are referred by consent, the referee finds the amount due on the mortgage notes and recommends judgment for the possession of the property and for damages to plaintiff, the Circuit Court confirms this report and gives judgment for the possession of the property or the value thereof and for damages and costs, and the property is delivered to plaintiff and damages and costs paid, the plaintiff may sell the mortgaged property, apply the net proceeds of sale to the notes and sue for the balance due thereon.

MR. JUSTICE WATTS *dissents.*

Before WILSON, J., Hampton, November, 1912. Reversed.

Action by A. M. Gibbes, trading as Gibbes Machinery Company, against J. T. Rivers, in court of magistrate J. G. Murdaugh. From Circuit order affirming magistrate judgment plaintiff appeals.

*Mr. J. W. Vincent,* for appellant.

*Mr. Julius P. Youmans,* contra.

April 21, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. To clearly understand the issue involved, a brief statement is necessary. On March 20, 1911, defendant gave plaintiff two notes for $72.02 and $73.45, respectively, and secured them by mortgage of a planing machine, for the purchase price of which they were given in part payment. The notes were not paid at maturity, and, plaintff's demand for possession of the planer, in order that he might sell it under the mortgage, having been refused, he brought an action of claim and delivery against defendant and J. C. Dowling (who seems to have had actual possession) to recover the possession, or the value thereof, in case delivery could not be had, and damages for the detention thereof.

The defendants did not answer, but appeared and consented that the whole case be referred. The referee took the testimony and reported that the value of the property sued for was $200, that there was due on defendant's notes to plaintiff $150, and that plaintiff had been damaged $50 by the detention of the property. His report concluded as follows: "I find as a matter of law, that the plaintiff is entitled to the possession of the machinery in question, for the purposes contemplated by his mortgage over the same;

and, in case the said property can not be delivered to plaintiff, plaintiff is entitled to judgment against the defendants, jointly and severally, in the sum of one hundred and fifty and 00-100 dollars, and in the sum of fifty dollars, actual damages, together with the costs of this action." There were no exceptions to the report.

On hearing the report, the Court passed the following order for judgment: "It is ordered, that the said report be, and the same is hereby, confirmed and made the judgment of this Court. It is further ordered that the plaintiff herein, A. M. Gibbes, have leave to enter up judgment against the defendants, J. T. Rivers and J. C. Dowling, for the possession of the property mentioned and described in the affidavit and complaint in this action, and in case a delivery thereof cannot be had, then for the sum of two hundred dollars, the value thereof, and for the sum of fifty dollars' damages as found by the referee, and for his costs and disbursements in this action." Judgment was entered accordingly, and execution was issued thereon. That judgment was satisfied by payment of the costs and damages and delivery of the property to the plaintiff, who sold it under the mortgage, and credited the net proceeds of the sale on the notes.

Plaintiff then brought this action to recover judgment for the balance due on the notes. Defendant pleaded, besides several other defenses, that the matter was *res judicata,* because the referee had found and reported the amount due on the notes in the action of claim and delivery, and his report had been confirmed by the Court. All the defenses were overruled, except the plea of *res judicata,* which was sustained.

As to the satisfaction of the judgment, the record is somewhat confusing. While the "Case" states that the judgment entered on the referee's report has been fully satisfied, it will be seen, upon examination of defendant's answer and the testimony, that defendant only claimed that the judgment was satisfied *"by the delivery of the machine and pay-*

*ment of the costs."* He did not contend that it was satisfied by payment of the amount found due to the plaintiff on the notes. On the contrary, he alleges in his answer that the machine was advertised and sold by the plaintiff, under the mortgage, and brought $40, which was credited on the notes. The answer practically admits, and the evidence shows, that the debt was not paid.

The Court erred in sustaining the plea of *res judicata.* The finding in the claim and delivery action of the amount due on the notes was not intended to and did not authorize the entry of judgment for that amount, and no judgment therefor was entered. The finding was made under the authority of section 321 of the Code of Procedure, which provides that "in every action for the recovery of personal property which has been pledged in any way to secure credit or debt, the defendant may plead his counterclaim arising out of the same transaction, and the jury in such case may find, in addition to the verdicts now provided by law, the amount due to the plaintiff, if any; and in such case the defendant shall have the right to pay said amount, and costs, and the property shall thereafter be free from the encumbrance." As it frequently happens that the only contention between the mortgagor and mortgagee of personal property is as to the amount due on the mortgage, and as the mortgagee has the right to the possession of the property, after condition broken, for the purpose of selling it and applying the proceeds to the mortgage debt, if *anything* is due thereon, the act above quoted was passed, in 1909, in order that the amount due might be ascertained in the claim and delivery action (which could not have been done prior to the act), so that the mortgagor might pay it, and save further expense and costs. But the finding of the amount due was, by the terms of the statute, limited to that purpose, and no authority is thereby given for the entry of a personal judgment against the mortgagor for that amount. The defendant might have paid the amount found to be due and

the costs, and, by the terms of the statute, the property would have been released from the encumbrance of the mortgage. But, having failed to pay the amount, he is bound for the balance due on the debt after application of the proceeds of the sale of the mortgaged property.

Reversed.

THE CHIEF JUSTICE *and* JUSTICES WOODS *and* FRASER *concur.*

MR. JUSTICE WATTS, *dissenting.* The record in the case shows that the respondent, on March 20, 1911, bought of the appellant and gave for the same part cash and balance in notes and at the same time executed and delivered to the appellant a chattel mortgage covering the machinery so sold to the respondent to secure the payment of the notes. The notes were not paid at maturity and demand was made upon respondent for possession of the machinery under chattel mortgage. Possession of the same was refused to the appellant and appellant thereupon brought an action in claim and delivery for the possession of the machinery or in case a delivery thereof could not be had, then for $200, the value thereof and damages and costs. The respondent did not answer the complaint in this action of claim and delivery, but appeared and consented to an order of reference, referring the whole matter to a referee. A reference was held, testimony taken and report filed. No exceptions were filed to the report of the referee and it was confirmed and made the judgment of the Court. The referee found that the actual value of the property sued for was two hundred dollars, and that the amount due on the two notes, attached to his report, was one hundred and fifty dollars, principal and interest, exclusive of costs and expenses of collection. That the notes were secured by a mortgage over the machinery in question and that the mortgage was past due and condition broken. That appellant had suffered actual damages in the sum of fifty dollars by reason of breach of contract and

detention of property and that appellant is entitled to possession of the property and recommends judgment for possession of the same, and in the event it cannot be delivered, a judgment for the value thereof, one hundred and fifty dollars and fifty dollars actual damages. This report is dated May 18, 1912, and his Honor, Judge Rice, presiding Judge, confirmed the same on June 21, 1912. Judgment was duly entered thereon, and it is admitted that this judgment has been paid and satisfied and duly extinguished.

Subsequent to this, on August 28, 1912, the appellant commenced this action against the respondent to collect two notes, which were secured by mortgage over the machinery and were included in the suit for claim and delivery, which had been reduced to judgment and paid. One of these notes was for $72.02, due November 1, 1911, and the other for $73.45, due December 20, 1911. The respondent appeared and answered these two cases which were tried together by consent before magistrate Murdaugh, on September 20, 1912, who, by an order dated October 3, 1912, says; "After hearing the evidence and argument thereon, I find for the defendant." In his report of the case after appeal therefrom was duly perfected to the Court of Common Pleas, he says: "The two cases entitled as above were by consent tried together before me on the 30th of September, 1912. The only plea interposed by the defendant was that the plaintiff had sold to the defendant certain machinery to which machinery plaintiff did not have title, and there was a total failure of consideration for the notes sued upon. The evidence in the case showed to my mind conclusively that the plaintiff did have good title and that there is no failure of consideration. In the trial the deefndant introduced in evidence the records of another case in the Court of Common Pleas in which former cases these same notes were an issue and a judgment rendered thereon, for which reason I have found for the defendant, it appearing to me that the present controversy has already been adjudicated. There was no

question of fact involved, there being no witnesses for the plaintiff and no conflict of testimony in the case. If the Court should decide that I am in error in holding that the present controversy is *res adjudicata,* the plaintiff herein is entitled to a judgment for the face value of the notes in question, interest, attorney's fees and costs."

Upon appeal from magistrate, Judge Wilson dismissed the appeal and appeal was then taken to this Court, questioning the correctness of his ruling. The evidence shows that the judgment in the first case was fully satisfied and that appellant got possession of the property and fifty dollars damage. We think the exceptions should be overruled, not only on grounds that the magistrate and Circuit Judge concurred in their findings of fact and there is testimony to sustain such findings, and this Court will not disturb such findings. *Morgan* v. *Morehead,* 90 S. C. 278, 73 S. E. 189; *Myers* v. *Burnsides,* 90 S. C. 186, 71 S. E. 977; *Saunders* v. *Southern Ry. Co.,* 90 S. C. 79, 72 S. E. 637, but, for the further reason that the magistrate and Circuit Judge were right in holding the question was *res adjudicata.* A decree is a final judgment where it disposes of the whole case on the merits and leaves nothing further for consideration. *Whitcomb* v. *Manderville,* 90 S. C. 384, 73 S. E. 775.

"The rule of *res adjudicata* is based upon the idea that there should be an end of litigation as well as upon the maxim that one should not be twice vexed for the same cause." *Ludwick* v. *Penny* (N. C. Case), 73 S. E. 228.

"Estoppel by judgment of the merits covers not only what was actually decided but also what was necessarily implied in the final result." 23 Cyc. 1306.

"A judgment is conclusive between the parties to it not only as to these matters which were actually decided, but to all such as were necessarily involved in its rendition." *Trimmier* v. *Thompson,* 19 S. C. 254; *Michean* adv. *Caldwell,* 18 Spear 276; *Willis* v. *Tozer,* 44 S. C. 17.

I think the judgment should be affirmed.