9360

RISH v. JACKSON.

(88 S. E. 380.)

1. Estoppel—Elements—Knowledge of Facts.—To estop plaintiff, who claims personal property covered by a recorded bill of sale, though he was present when delivery under a sale to defendant was made, and failed to warn the defendant, it must appear that he knew the facts, and that the defendant was misled, to his injury.

2. Chattel Mortgages—Right to Sue—Two-Fund Doctrine.—Claim and delivery is a possessory action, so that, if anything is due under a mortgage and bill of sale, the plaintiff is entitled to recover possession; the two-fund doctrine not applying.

3. Trial—Instructions—Invading Province of Jury.—An instruction that the jury could dismiss the testimony of any witness or believe that of any witness or eliminate any thing which the jury believed itself justified in eliminating is not an invasion of the province of the jury.

4. In claim and delivery under evidence that the defendant bought the goods covered by a bill of sale to plaintiff, under agreement to pay the purchase money to the plaintiff, an instruction that, if it was understood between defendant and the seller that the defendant would pay the purchase price to the plaintiff, and he failed to do so, verdict should be for the plaintiff, was erroneously refused.

Before MAULDIN, J., Aiken, April, 1915. Reversed.

Action by Arnold Rish against Harmie Jackson. Judgment for defendant, and plaintiff appeals.

*Mr. John F. Williams,* for appellant, cites: *As to estoppel:* 96 S. C. 121, 138; 100 S. C. 371; 91 S. C. 122; 45 S. C. 518. *Rights of mortgagee:* Civ. Code, sec. 4108; 44 S. C. 317. *Claim and delivery:* 94 S. C. 345. *Issues:* 76 S. C. 481 and 316; 52 S. C. 236; 21 S. C. 321; Ann. Cas. 1913d, 168; 85 S. C. 112. *Charge on facts:* 56 S. C. 524; 47 S. C. 489.

*Mr. Geo. W. Croft,* for respondent, cites: *As to estoppel:* 52 S. C. 396; 77 S. C. 425; 67 S. C. 432; 80 S. C. 557. *Issues:* 17 S. C. 34; 69 S. C. 196; 85 S. C. 1; 86 S. C. 544; Code Civ. Proc., secs. 312, 326; 17 S. C. 426; 5 S. C. 412. *Estoppel in pais:* 89 S. C. 391; 122 U. S. 241. *Issues, order of trial:* 48 S. C. 433; 94 S. C. 408; 18 S. C. 232.

March 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The testimony in this case is full of conflicting statements, but there are some facts not disputed.

It is not disputed that Mr. S. R. Smith owned several engines and boilers and gave to the plaintiff a note secured by a bill of sale of these engines and boilers; that the bill of sale was duly recorded; that subsequent to the execution and

FOOTNOTE.—Knowledge or reliance of other party as an element of estoppel, see notes in 48 L. R. A. (N. S.) 766-778.

recording of the bill of sale Mr. Smith sold an engine and boiler to the defendant. The plaintiff brought suit in claim and delivery for the engine and boiler sold to the defendant. The defendant by his answer made: (a) A general denial; (b) alleged that, if the bill of sale was ever executed, there was only a small balance due; (c) a plea of estoppel; (d) asked for an application of the two-fund doctrine, *i. e.,* to require the plaintiff first to seize and apply the unsold machinery to his debt before taking the property that had been sold, to wit, the property in dispute. There are fifteen exceptions, but appellant states that they raise four questions.

1. Estoppel. The theory upon which the defendant based estoppel was that the plaintiff was present when he got the engine and helped to load it on his wagon, and said nothing about his bill of sale. The presiding Judge charged the jury that, if the plaintiff was present and saw the delivery, and did not warn the defendant, he is estopped. That statement is misleading here, under the testimony. The person to be estopped must know the facts, and the person who pleads estoppel must have been misled to his injury. There was evidence here that Mr. Smith sold the engine to the defendant under an agreement that the purchase money was to be paid to the plaintiff, as the plaintiff had a mortgage on it. If the plaintiff was present and helped with the loading of the engine (denied), yet if he thought that the defendant had notice and was to pay the purchase money to the plaintiff, and agreed to it, he would not be estopped. The plaintiff denied that he was present and the defendant denied the actual notice, and that he agreed to pay the plaintiff. This charge eliminated the knowledge of the plaintiff and was error.

2. Did the two-fund doctrine apply? It did not. Claim and delivery is a possessory action, and, if anything is due under the mortgage, the plaintiff is entitled to recover the

possession. *Machinery Co.* v. *Rivers,* 94 S. C. 345, 78 S. E. 21. What rights the defendant may have against the plaintiff are not now before the Court. If the plaintiff was not estopped to set up his mortgage, and there was anything due, then the plaintiff was entitled to a judgment for the possession.

3. Did his Honor charge on the facts when he charged: "You can dismiss the testimony of any witness if you see fit or you can believe the testimony of any witness. It is within your province to eliminate that which you think you are justified in eliminating."

That was certainly not an invasion of the province of the jury.

4. Did his Honor err when he refused to charge without modification, the following request:

"If the jury find that it was understood between the defendant and Smith that defendant would pay plaintiff the purchase price of these two pieces of machinery on the Rish mortgage, and they find that he has not done that, their verdict should be for the plaintiff."

This was error. Of course, if the defendant agreed to pay the plaintiff's (Rish's) mortgage, then he knew of its existence, and there was no necessity for Rish to notify the defendant of the existence of a mortgage he had agreed to pay, and there was no ground for estoppel, and this was the only defense applicable here.

The judgment is reversed.