### FAIRMONT CREAMERY CO v EWING

Ohio Appeals, 5th Dist, Muskingum Co

No 462. Decided May 20, 1932

Biggan & Cunix and Graham & Graham, Zanesville, for plaintiff in error.

George & Leasure, Zanesville, for defendant in error.

LEMERT, J.

A petition in error was filed in this court setting up the usual grounds of error, but the grounds relied upon both in brief and oral argument of counsel are as follows:

That the court below erred in admitting evidence and testimony offered in behalf of the defendant to which the plaintiff excepted.

Error on the part of the court below in rejecting testimony and evidence offered on behalf of the plaintiff.

That the verdict is against the manifest weight of the evidence.

That the court erred in failing to direct a verdict.

That the court erred in its general charge.

The contract in question in this case was in writing consisting mainly of two parts bearing the same date.

The claim is made that the matters set out in defendant's cross petition are matters which are not connected with or in any wise related to the subject matter of the action and do not arise out of the facts set forth in the petition.

In the contract between the plaintiff and defendant there seems to be a conflict and repugnancy between a clause in the first part of the contract and a clause in the second part thereof. The first part provided:

"The contract to be effective from the 1st day of January, 1930, and to remain in effect until terminated by either party giving thirty-day notice to the other of intent to terminate it, or until terminated by the company for cause."

The second part provided:

"This contract to be in effect for one year from date and renewable for a like period by mutual consent of parties hereto, provided, however, that thirty days notice shall be given by either party should they wish to termniate the contract at the end of any year during which contract runs."

The court below in the conduct of the case and in its charge to the jury seemed to recognize ambiguity and repugnancy in these two provisions and therefore allowed

parol evidence to be introduced to explain the true meaning and intent as contemplated by the parties to the contract at time of execution. We note that the court below at considerable length charged the jury as to the right of discharge for cause, etc. We note that the court below said,

"If you find that the defendant was unfaithful, as charged in the answer to the cross petition, and that such unfaithfulness tended to injure the business of the plaintiff, then the defendant was not wrongfully discharged and can not recover in his cross petition, even though you should find the contract provided the employment was to continue for one year."

An examination of the record in this case discloses that the plaintiff in discharging the defendant did not comply with provisions of notice as contained in either the first or second part of the contract. The defendant was not given a thirty day notice, as provided in the first part of the contract, nor the thirty day notice to terminate contract at end of year, as stipulated in second part of contract. On the contrary, March 1, 1930, the plaintiff company gave Ewing notice, by the Western Union Telegraph, as follows:

"Hereby cancel our cream buying contract with you, effective Monday, March 3."

To this the defendant answered on March 1, 1930, by Western Union, as follows:

"Refuse to cancel contract. Am standing on contract, Appendix provision. Contract in effect one year from date of January 1, 1930, renewable for like period by mutual consent, providing thirty day notice be given by party wishing to terminate at end of year."

(Signed) C. W. Ewing."

The record fails to disclose that the company complied with the provision of the contract for a thirty day notice in either instance, but seems to rest their case entirely upon the discharge of Ewing for cause. It seems to us that the court below gave the plaintiff company the full benefit of this clause as to discharge for cause by allowing complete evidence to be introduced and in its charge to the jury. Since the plaintiff in error makes no claim of having complied with the provisions of the contract, it would necessarily follow that no prejudice could have been caused by parol evidence introduced thereon. In other words, parol evidence offered on an immaterial point could not and would not work any prejudice and therefore would not constitute re-

versible error even though incompetent.

With reference to the right of set-off in replevin action, we refer to §11319, GC, together with §11315 GC, which provided:

"Defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have, whether such as heretofore have been denominated legal or equitable or both."

### Sec 11319 GC:

"Set-off: A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

We believe that plaintiff's action in the court below was an action arising on contract, notwithstanding it appears on its face as a suit in replevin. The right of the defendant in this case for a recovery as appearing on his cross petition is founded on a contract. Plaintiff's replevin action was expressly predicated upon a promissory note and chattel mortgage, as specifically referred to and described in the petition.

Defendant's cross petition was predicated upon an express written contract. We therefore believe and hold that this brings the whole case within the purview of §11319 GC.

In Ruling Case Law, Volume 23, page 923, §91, it is provided as to set-off and counter claim, wherein it held:

"That where the cause of action originates in the provisions of a contract and a suit in replevin is resorted to in pursuance of one of such provisions, it will be regarded as founded on the contract, and a set-off is allowable."

147 U.S., 467;

45 Kan., 318;

25 Pac., 641.

In the 57th Oregon, 309, 111 Pacific, 690, it was held that,

"If the action is to recover possession of property the right to which arises on contract, such as on a chattel mortgage, which terms authorize mortgagee to take possession on default in payment of the debt secured, any matter tending to defeat the plaintiff's right of possession may be pleaded as a set-off, as the plaintiff's right in such a case, being for the purpose of foreclosure, is not based on title but right of possession, and if there is no debt, there is

no right of possession. But to defeat the action, the set-off must equal the debt."

In the 35th Kansas, 93, it was held in replevin on a chattel mortgage, that defendant could show, under a general denial, a debt due him from plaintiff for labor to an amount sufficient to pay the mortgage debt.

Counsel for plaintiff in error urge that parol evidence should not have been admitted to explain ambiguous and conflicting provisions of the written contract sued upon by the defendant in his cross petition. While it is true that evidence is not admissible to vary or contradict or to complete a written contract, nor to show that the understanding of the parties was in conflict with express provisions of the contract, however, such is not the question in the case at bar. Parol evidence in the instant case was introduced, and we believe properly so, to explain ambiguity arising from conflicting and contradictory provisions in the written contract. The two conflicting provisions of the contract in the instant case could not be interpreted together or construed either by court or jury except with the aid of parol evidence, which we believe was clearly admissible as a sound principle of law.

R. C. L., Volume 6, 847, 850.

**Ohio Jurisprudence, Volume 9, 413.**

On the matter of the discharge of Ewing, plaintiff company's right to so discharge could only have been upon the following provisions of the contract; "until terminated by the company for cause." This language necessarily implies that to discharge Ewing over his objections the company must have reasonable and justifiable cause, and we note that the court in charging the jury in the case at bar directed that plaintiff company had a legal right to, whether mentioned in the contract or not, and could discharge Ewing at any time during the life of said contract, for reasonable cause. Upon the evidence and the charge of the court the jury found that the plaintiff discharged the defendant, Ewing, without reasonable or justifiable cause, and we could not say in reviewing this case that such finding was against the manifest weight of the evidence.

With reference to the claim made by plaintiff in error as to speculative damages, we believe the evidence in the record clearly showed the probable, proximate and natural damages resulting from plaintiff's wrongful act in the discharge of the defendant, Ewing, would be such damages as might and would be in contemplation of the parties when the contract was made.

From an examination of the whole of the record in this case, we are of the opinion that the case was fairly tried and the issue fairly submitted to the jury, and that the jury was fully warranted in the verdict it so rendered.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.