14801

SALLEY *v.* McCOY *ET AL.*

(200 S. E., 724)

158

*Messrs. Zeigler & Brailsford, Lide & Felder* and *C. E. Summers*, for appellant,

*Messrs. Henry R. Sims, Adam H. Moss, Taylor H. Stukes, C. T. Graydon* and *James A. Moss*, for respondents,

January 4, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is the third appeal to this Court in this case, the two former appeals having been prosecuted by the respondents herein. See *Salley v. McCoy et al.*, 182 S. C., 249, 189 S. E., 196, and *Id.*, 186 S. C., 1, 195 S. E., 132.

The present appeal is from an order of nonsuit as to the right of plaintiff-appellant to One ($1.00) Dollar for each tax execution issued by him as treasurer for the years 1932, 1933 and 1934, which has been collected; "and on such executions issued by him as are not yet collected, * * * the right to One ($1.00) Dollar on each execution as and when the same is collected." The issue of salary was eliminated by the defendants-respondents conceding that plaintiff-appellant was entitled to the salary claimed for the years 1931, 1932, 1933 and 1934, and the plaintiff-appellant conceding that his claim for 1935 salary was improper.

The trial Judge nonsuited plaintiff-appellant for the following reasons:

"1. The executions or warrants were not executed in duplicate as required by law.

"2. The executions or warrants are void because the same have never been signed by plaintiff as required by law.

"3. The name of the delinquent taxpayer fails to appear at any place in the executions or warrants.

"4. The purported executions or warrants are substantially different in form and wording from the requirements of law in that:

"a. It does not appear in the heading or caption that the executions or warrants were issued by J. R. Salley, treasurer for the County of Orangeburg.

"b. The total sum assessed against the taxpayer is not made to appear in the warrants or executions.

"c. The itemized sums for the State, for public schools, for county and for special purposes are not made to appear in the said warrants or executions.

"d. The purported executions or warrants do not direct that personalty be first exhausted before levy is made upon realty.

"e. The amount of costs and charges are not stated in the said purported warrants or executions.

"f. It is not made to appear in the purported warrants or executions that the said warrants or executions shall con-

stitute sufficient warrant for any action that may be taken by virtue thereof.

"5. It does not appear that the said warrants or executions authorized or directed the collection of any execution fees on behalf of the plaintiff.

"6. The evidence shows that the plaintiff has failed to perform the duties required by law for which. the fees claimed are collectible and payable.

"7. The purported executions or warrants are not sufficient to authorize or support a valid levy under the law.

"8. There is no evidence in the record tending to prove any of the material allegations of the complaint in so far as they relate to the issues now before the Court."

The appellant states the main questions involved in this appeal as follows:

"1. Is the plaintiff entitled to the execution fees for the years in question on executions which have been issued and collected?

"2. Has the defendant, the county, any such interest in these executions as gives it the right to raise the objections herein made to their form and issuance?

"3. Does the general denial of the answer of the defendant raise an issue as to the form and manner of the issuance of the executions?

"4. Under the record in this case, are the services of the plaintiff in issuing the executions now an issue?

"5. Were the executions issued in duplicate or in substantial compliance with the law requiring duplicates to be issued?

"6. If the executions were not issued in duplicate, was the failure to do so a mere irregularity which did not invalidate the executions or affect the right of the plaintiff to his fees for issuing them?

"7. Were the executions properly issued and signed by the plaintiff when he signed them with his rubber stamp signature?

"8. Did the Court err in construing the provisions of the tax laws involved in this case, as mandatory provisions when he should have construed them as directory provisions?

"9. Did the Court err in failing to take judicial notice of the fact that under the law the Comptroller General exercises supervision over the tax officers of the county, instructs them in their duties, prescribes the forms for them to use, and that the forms of execution used by the plaintiff in this case had been in use for a long period of time and worked with success and satisfaction in bringing in the revenue which has supported the State and county governments?

"10. If the plaintiff is entitled to the fees for the executions which have been issued and collected for the years in question, should he not also be entitled to the fees on those executions not yet collected, as and when they are collected?"

Practically all questions in this case have been decided adversely to respondents by the recent case of *Smith, as Treasurer, v. Greenville County*, 188 S. C., 349, 199 S. E., 416. Upon the filing of the opinion in the *Smith* case, respondents obtained the leave of this Court to review and criticize the opinion in that case. No sufficient reason has been advanced to cause this Court to reach a different conclusion.

Fundamentally there is no difference between the case at bar, and the *Smith case*. Such differences as exist are no more than incidental. In the *Smith case* the signature of the treasurer was a facsimile rubber stamp. In this case the rubber stamp did not purport to produce a facsimile signature. In the *Smith case* the tax receipt book was printed so that a carbon copy could be and was made of entries, the carbon copy being retained in the office of the treasurer. In this case a transcript of the record of such tax receipt and execution was entered upon a book and kept in the treasurer's office. There are some other differences, but whether the executions were issued in the precise form pre-

scribed by the statute cannot concern the respondents for that it was through these collected executions that the County of Orangeburg collected taxes and penalties, and the county (respondents), has no interest whatsoever in the One ($1.00) Dollar collected for the treasurer on each execution, and which by statute is the property of the county treasurer. Under the facts of this case, respondents are estopped from denying the validity of the very executions by which they have benefited. The only person who could have denied the validity of the tax execution was the taxpayer, and when such taxpayer paid without questioning the form of the execution, the signature thereto, and all other formal matters, he waived the validity thereof, if such validity is open to question. Under these circumstances we see no need to enter upon a discussion of details.

The recovery of appellant in this action is not limited to the amount actually collected for him on executions for the years 1932, 1933 and 1934, at the time of the commencement of this action. In *Young, Receiver, v. Peoples Bank et al.,* 163 S. C., 57, 161 S. E., 324, the entire action was not only prematurely brought but there was no definite and fixed amount for which the endorsing defendants were liable. In *Black v. Jefferson Standard Life Ins. Co.,* 171 S. C., 123, 171 S. E., 617, the provisions of the policy permitted the insurance company to avail itself of the defense of changed conditions and circumstances, and was for an unliquidated demand, one which the Circuit Judge could not say was fixed and would continue during any given time, whether up to the time of the trial or during the entire life of the insured. "By the complaint the defendant was called upon to defend the action as it then existed, and could, with propriety, have objected to any testimony touching the disability of the plaintiff or his physical condition after the action was begun."

In the case at bar, the complaint, Paragraph 5, alleges: "That the plaintiff also has the present right to One ($1.00) Dollar for each tax execution issued by him as treasurer

for the years 1932, 1933 and 1934, which has been collected; and on such executions issued by him as are not yet collected, he will have the right to One ($1.00) Dollar on each execution as and when the same is collected."

The appellant has already performed his services, and the amount he is to be paid therefor is fixed and definite, to wit, $1.00 for each execution when collected.

This right involves two elements: (1) The issuance of the execution (which incidentally is the only service to be performed by the treasurer as the basis of his fee); and (2) the collection of the fee by the sheriff or tax collector, who under the law collects the same for the account of the treasurer.

The present action necessarily involves the determination of appellant's rights in connection with both elements. That is to say, it determines whether, when the treasurer has performed his sole service of issuing the execution, he will become automatically entitled to the fee when the same comes into the hands of the sheriff or tax collector. The decision that this is the case inevitably carries with it the declaration that the fees for executions issued before the suit was brought belong, when collected, to the treasurer. The act or service entitling the treasurer (appellant) to the fees having thus been performed before the suit was brought, and the decision being that the applicable statute was thus called into play before the suit was brought, the award in this case of fees collected on executions issued before suit, but collected after suit is not an award for services performed or matters submitted for adjudication after suit brought as in the cases above cited. In short, under the rule herein declared, all fees for executions issued before suit was brought, and which have been collected, are collectible in this proceeding because: (1) Judgment thereabout is specifically asked in the body of the complaint and in the prayer for relief (and no demurrer or motion to strike was interposed); and (2) because the appellant's claim to these

fees involves the determination of no matters of either law or fact that are not presented or fully determined herein.

To fix the amount of appellant's claim, it merely remains to ascertain the number of executions issued by him before suit was brought and which have been collected. The law abhors a multiplicity of suits, and there is no sound reason why this abhorrence should not be heeded in this case. The appellant should have been permitted to prove the number of executions paid to the date of the trial during March, 1938.

The order granting a nonsuit is reversed, and the case is remanded to the Court of Common Pleas for the purpose of allowing appellant to establish the amount of fees to which he is entitled for the years 1932, 1933 and 1934, in accordance with this opinion; and for judgment in such amount as may be found to be due him.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.