In the Matter of the Estate of ARCHIE M. ANDREWS, Deceased.

Surrogate's Court, New York County, October 19, 1939.

*Stanley Osserman* [*Ira M. Belfer* of counsel], for the petitioner.

*Uniacke & Kelley*, for the respondents.

FOLEY, S. This is a discovery proceeding by the limited ancillary executrix pursuant to section 205 of the Surrogate's Court Act. The respondents, by answer, have interposed a special defense, that there is another proceeding pending in the Supreme Court, New York county, between the same parties and in which the same relief is sought. This preliminary question must first be disposed of by the court.

Prior to the institution of this proceeding, the petitioner obtained an order to show cause, dated March 2, 1939, in the Supreme Court, New York county, directing the respondents here, as individuals and as copartners of a law firm which represented the decedent in his lifetime, to pay over and account for all sums of money or property which belonged to the decedent. On the joinder of issue in that proceeding, Mr. Justice McLAUGHLIN rendered an opinion (*Matter of Nason* [*Andrews*], N. Y. L. J. April 11, 1939, p. 1648) and referred the matter to an official referee to hear and report. The matter is now pending before the referee. In the Supreme Court proceeding and in the instant proceeding, the parties, the relief prayed for and the property sought to be recovered are the same. No additional property is referred to in the instant proceeding.

It is clearly evident that full relief and justice can be obtained in the first proceeding instituted by the petitioner in the Supreme

Court. In such circumstances, under our system of jurisprudence, a second proceeding between the same parties which seeks the same relief is not maintainable. With respect to the law on this subject, the Court of Appeals stated in *Colson* v. *Pelgram* (259 N. Y. 370, at p. 375):

" The reason for the rule is obvious. It is conducive to economy, and lack of friction between courts, saves labor and annoyance and leads to the orderly administration of justice. There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action. (*Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *Savage* v. *Allen*, 54 N. Y. 458; *Pond* v. *Harwood*, 139 N. Y. 111.)

" It is also the general rule that where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (*Schuehle* v. *Reiman*, 86 N. Y. 270; *Garlock* v. *Vandevort*, 128 N. Y. 374.) "

The only result of the discovery proceeding in this court would be to furnish and discover evidence which the petitioner could use in the Supreme Court proceeding. In *Matter of Preisendorfer* (118 Misc. 524) I held that such a course would not be permitted. That decision was cited with approval in *Matter of Rotstein* (162 Misc. 37). In the latter case Mr. Surrogate WINGATE held that the potential jurisdiction of the surrogate was ousted by the institution of an action in another forum " in consequence of the operation of the primary principle that where the jurisdiction of one of two co-ordinate and available tribunals has been invoked the other may not thereafter act in the premises. (*Schuehle* v. *Reiman*, 86 N. Y. 270, 273; *Flatauer* v. *Loser*, 211 id. 15, 20; *Colson* v. *Pelgram*, 259 id. 370, 375; *Matter of Farrell*, 125 App. Div. 702, 704; *Producers Royalty Co.* v. *Ottinger*, 129 Misc. 694, 696; *Matter of Preisendorfer*, 118 id. 524; *Matter of Hearn*, 158 id. 370, 379.) " On the authority of the foregoing decisions, this discovery proceeding is dismissed.

Submit order on notice accordingly.