MABEL SCHOENGOLD, Respondent, v. MAC BIER, Individually and as Trustee under an Agreement Dated June 26, 1942, Appellant.— In an action for the specific performance of a trust indenture and for an accounting thereunder, interlocutory judgment in favor of the plaintiff unanimously affirmed, with costs. The objection that the decision does not conform to section 440 of the Civil Practice Act is untenable. The decision is equivalent to express findings of fact in favor of the plaintiff on each and all of the material facts alleged in the amended complaint. Any other determination upon this record would be contrary to the weight of the evidence. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

VINCENT B. SCOTTO, Appellant, v. SOCONY-VACUUM OIL COMPANY, INC., Respondent.— Appeal by plaintiff from an order of the Appellate Term reversing an order of the City Court of the City of New York, County of Queens, which denied defendant's motion to strike out certain paragraphs of the amended complaint as irrelevant and prejudicial, in an action to recover salary and expenses for the months of March, April, May and June of 1942, pursuant to a written contract of employment, and granting said motion, and, in addition, dismissing the second, third and fourth causes of action. Order modified on the law by deleting the designation of paragraph 15 as a paragraph struck out, and by deleting the last sentence of the order. As so modified, the order is unanimously affirmed, without costs, with leave to plaintiff to serve an amended complaint within twenty days from the entry of the order hereon, if so advised. The theory of this complaint is performance of services, except insofar as it was waived, and that such waiver was a continuing one, commencing in the month of February of 1942. The waiver alleged is that, in February and March of 1942, defendant ordered plaintiff to hold himself available to go to South America, which was in the nature of his duties under the contract, and otherwise to do nothing. If plaintiff had breached the contract by refusing to obey proper instructions given him by the defendant at any time prior to the period of time for which he seeks recovery, it may be that he would not be entitled to recover. Accordingly, the allegations in paragraph 15, in effect that he did comply with such instructions during the month of February, are not irrelevant or prejudicial to defendant. The rule against splitting causes of action has no application to more than one cause of action in a single suit, but applies only where suit is brought on less than all matured claims arising out of the same contract. (Kennedy v. City of New York, 196 N. Y. 19; Petersen v. Claire, 118 Misc. 85; U. S. Fidelity & G. Co. v. Graham & Norton Co., 254 N. Y. 50, 55.) The rule is technical and a case must be brought strictly within it to give it effect. (Secor v. Sturgis, 16 N. Y. 548.) Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.