## 16374

AYERS v. GUESS

(60 S. E. (2d) 315)

*Mr. J. Stokes Salley,* of Orangeburg, *for Appellant,*

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Respondent,*

June 26, 1950.

STUKES, Justice.

On October 22, 1947, defendant executed and delivered to plaintiff his bond in the penal sum of $1,350.00 conditioned for the payment to plaintiff on Oct. 1, 1948, of the sum of $675.00 with interest and attorney's fees. At the same time, to secure payment, he gave plaintiff a mortgage of real estate, a Chevrolet car, a Ford truck and a Ford skidder. Upon default plaintiff commenced two actions in claim and delivery in a magistrate's court for the possession, respectively, of the Chevrolet car and the Ford truck, alleging the value of each to be less than $100.00. At the same time this action was commenced in equity in the usual form for foreclosure of the mortgage lien upon the real estate.

Apparently the action relating to the Chevrolet car was first tried in the magistrate's court and it was found that

its value was $75.00 but the magistrate erroneously under-
took to render judgment against the defendant for the sum
of $100.00 and costs which defendant paid to plaintiff and
retained possession of the car.

Upon later trial of the other claim and delivery action,
that for possession of the Ford truck, defendant contended
that plaintiff had split a single cause of action and was con-
cluded by the former judgment of the magistrate. The con-
tention was overruled and possession of the truck was
awarded plaintiff. Defendant appealed to the county court
where the matter rests.

Upon reference of the case in hand, the county judge as
special referee overruled the defense that plaintiff was barred
by his actions in claim and delivery which course it was
contended improperly split a single cause of action and that
as a result the plaintiff could not pursue his action for fore-
closure of the real estate mortgage.

The Circuit Court reversed the referee and held that the
present action is barred by the claim and delivery proceed-
ing which first came to trial and in which the magistrate
rendered judgment which was paid by defendant. The appeal
from this judgment will have to be sustained.

Upon breach of the condition of defendant's bond there
accrued to plaintiff a right of action for the possession of
the personal property which was mortgaged by the defendant
to secure his compliance with the condition of the bond and
also a right of action for foreclosure of the mortgage lien
upon the real estate. These were separate and concurrent
remedies and the pursuit of one should not have been held
to interfere with the other. Of course, plaintiff can have but
one satisfaction of his debt. Whether the institution of two
actions in claim and delivery was an unwarranted "splitting"
of that cause of action and the first tried should be held to
be a bar to the other is not directly presented by the appeal
and need not be decided. It is unimportant, here, anyway.
Enforcement of the remedy for possession of the personal

property did not bar the instant action in equity for foreclosure of the real estate mortgage. The authorities do not require so harsh a result.

The only case cited by the lower court to sustain its conclusion was *Floyd v. American Employers' Ins. Co.,* 187 S. C. 344, 197 S. E. 385. But it is of little or no similarity. There a single insurance policy was sued upon and recovery had for a part of a loss and thereafter it was attempted by a subsequent similar action to recover an additional sum arising out of the same loss which the court properly held was a fatal splitting of a cause of action, and the right to additional recovery was denied.

The case of *Anderson v. Pilgram,* 30 S. C. 499, 9 S. E. 587, 589, 4 L. R. A. 205, 14 Am. St. Rep. 917, opinion by Mr. Justice McIver, arose from a mortgagee's effort to foreclose his security upon default in the first due of several notes of serial maturities, and maintain a contemporaneous but later commenced action at law upon a subsequently maturing note, the payment of which was also secured by the mortgage. Judgment at law upon the second note was sustained upon the ground that it was upon a separate and distinct cause of action from that set up in the action of foreclosure. The court said: "We agree * * * that the note sued on in the present action (at law) was not included in the former action (in equity) to foreclose the mortgage. While it may be true that two or more notes given by the defendant to the plaintiff may be regarded as constituting but a single cause of action * * * it does not follow that they must necessarily be so regarded in every case. When the notes are payable at different times and the holder desires to sue as soon as the first one matures, and before the others become payable, they must necessarily be treated as separate causes of action * * * ."

Instead of separately maturing obligations, as in that case, here there were separate securities, the one of personal property for which action at law for possession lay after ma-

turity, and the other of real estate which was forecloseable only in equity. Code sec. 487. Cir. Court rules 51, 52, 53. *Ex parte Floyd,* 145 S. C. 364, 142 S. E. 805. There is similarity in the situations and both result in inapplicability of the doctrine of splitting of causes of action because both give rise to more than one right of action. "On the other hand, distinct and separate demands, arising out of a contract, give rise to separate causes of action upon which separate actions may be maintained notwithstanding they are of such a character that it would be proper to join them in one action, and so separate actions may be maintained on separate demands arising from a severable contract." 1 C. J. S., Actions, § 103, pp. 1316, 1317. "Where several articles are included in a chattel mortgage, the mortgagee may bring an action against the mortgagor for the possession of a part only thereof." 1 C. J. S., Actions, § 103, p. 1326. See also our kindred case of *Gibbes Machinery Co. v. Rivers,* 94 S. C. 342, 78 S. E. 21, where suit on the mortgage notes was sustained after foreclosure of the chattel security by claim and delivery.

There are many approving citations of *Anderson v. Pilgram* in our reports, particularly *McConnell v. Barnes,* 142 S. C. 112, 140 S. E. 310, 57 A. L. R. 483, so that it may be properly said to be a leading case, here and elsewhere perforce its several reportings. The substance of it is stated as settled law in 1 C. J. S., Actions, § 103, p. 1324, 1325. There are numerous decisions in other jurisdictions which countenance the practice of proceeding at law to judgment on a mortgage debt and thereafter foreclosing the mortgage by action. Annotations, 24 L. R. A., N. S., 1095, 121 A. L. R. 917. This procedure is not deemed to be a splitting of a cause. There exist in a few States statutes to the effect that there can be but one action for the recovery of a debt or the enforcement of any right secured by mortgage, with which we are not concerned in the absence of statute here. 1 C. J. S., Actions, § 103, p. 1326; *Salter v. Ulrich,* 22 Cal. 2d 263, 138 P. 2d 7, 146 A. L. R. 1348.

There are a number of decisions from many jurisdictions digested in 39 Words and Phrases, Perm. Ed., and cumulative pocket part, in which "splitting a cause of action" was defined and applied or rejected, and in the majority of them it was rejected. In none at all similar to this case was it applied.

Here it is clear that simultaneous pursuit of the remedies of claim and delivery at law for possession of the personal property and action in equity for foreclosure of the realty was not an objectionable splitting of a cause of action but was the adoption of separate but coexisting remedies which were appropriate by reason of the diverse nature of the mortgage securities. All might have been foreclosed in one action in equity but that course was not exclusive.

The judgment is reversed and the case remanded for confirmation of the referee's report which allows credit for the sum of $100.00 paid by defendant in one of the claim and delivery proceedings and provides for foreclosure and sale of the Ford truck (involved in the second claim and delivery action) and the real estate, and application of the proceeds of the sales upon the money judgment, after payment of costs and taxes.

FISHBURNE and OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.

TAYLOR, J., dissents.

BAKER, C. J., did not participate.

TAYLOR, Justice (dissenting).

I regret exceedingly that I am unable to agree with the majority opinion in this case.

On October 22, 1947, the respondent executed and delivered to the appellant a certain bond or obligation in the sum of $1,350.00, conditioned upon the payment to appellant on Octobber 1, 1948, the sum of $675.00, with interest and attorney's fees as set forth in the instrument. On the same

day, in order to secure the payment of the afore-mentioned sum, he executed a mortgage upon certain real estate described in the complaint, a 1939 Chevrolet Town Sedan, a 1939 Ford Truck, and a Ford Skidder. The respondent having defaulted in his obligations, action was commenced by appellant on October 29, 1948, by way of claim and delivery in the Magistrate's Court for the possession of the Chevrolet car, the value of which was alleged to be $99.00, and another claim and delivery was instituted in the same court for the Ford Truck, with the value being stated as $99.99. Simultaneously, proceedings to foreclose the aforesaid mortgage upon the real estate were commenced in the Court of Common Pleas of Orangeburg County.

The claim and delivery for the possession of the Chevrolet car resulted in a verdict for appellant by the magistrate, who found the value of the car to be $75.00, but, as respondent was indebted to appellant in excess of $100.00, he gave judgment for $100.00 and costs. The respondent paid the aforementioned judgment and the car was delivered to him.

At the trial of the case for claim and delivery of the Ford Truck, respondent contended by way of defense that appellant had split his cause of action. This position was overruled, and the case was tried, resulting in a decision in favor of the appellant for the possession of the Ford Truck; whereupon respondent appealed to the County Court of Orangeburg County where the matter rests.

In the instant case, which arose out of the attempted foreclosure of the real estate described in the same mortgage, respondent contends that such foreclosure is barred due to the cause of action having been split by reason of appellant's having brought the two afore-mentioned claim and delivery proceedings in the Magistrate's Court. The question, therefore, for this Court to determine is whether or not the appellant's cause of action has been split so as to bar him from futher recovery.

In the action in claim and delivery in the Magistrate's Court for the Chevrolet car, the complaint sought the possession of the car or the value thereof in the event that possession could not be had. No personal or money judgment was demanded in this proceeding. Appellant introduced his bond and mortgage into the evidence and stated that the debt is $675.00 and that it is secured by real and personal property, that the car in question is a part of the property mortgaged to secure such debt. He expressed no intention of waiving his right to the other securities. After hearing the matter on its merits, the Magistrate rendered the following verdict: "I find for the plaintiff the possession of the Chevrolet 1939 Town Sedan or the value thereof which is assessed at seventy-five dollars; and as special verdict I find that the defendant is indebted to the plaintiff in an amount in excess of one hundered dollars. But I give judgment for only one hundered dollars and costs."

The appellant paid the judgment and the costs and the Chevrolet was delivered to him.

The trial of the claim and delivery proceedings on November 11, 1948, for the Ford Truck was on the same evidence as that of the Chevrolet Sedan. The respondent resisted the action on the ground that, the cause of action having been split, the prior action was a complele determination of the rights of the parties; therefore, the balance of the mortgage debt was canceled and rendered null and void. In other words, the appellant having split his cause of action into several causes of action and one of these having been prosecuted to judgment and such judgment having been paid, appellant was thereby barred from prosecuting his claim further.

An action in replevin predicated on note and chattel mortgage was held to be an action arising out of contract in the case of *Fairmont Creamery Company v. Ewing,* 43 Ohio App. 191, 182 N. E. 883.

Under the code system of pleading, where there is but one promise, agreement, obligation, or imposed duty, there is but one primary right, one primary duty, and one delict, and these three combined constitute one "cause of action"; and though the pleader states the facts in different ways because of a doubt as to the ground upon which he will be entitled to judgment, or a doubt as to the facts which the evidence in the possession and under the control of his adversary may develop, this constitutes a duplicate statement of one right of action, and these different statements are not separate causes of action. *Williams v. Nelson,* 45 Utah 255, 145 P. 39, 41.

A "cause of action" does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. The thing, therefore, which in contemplation of law as its cause becomes a ground for action, is not the group of facts alleged in the declaration, bill, or indictment, but the result of these in a legal wrong, the existence of which, if true, they conclusively evince. *Keith v. Texas & P. R. Co.,* 14 La. App. 290, 129 So. 190, 194.

The entire claim arising out of a civil transaction, whether in nature of contract or tort, cannot be divided into separate and distinct claims, and each form basis of an action. *McDonald v. Equitable Life Assur. Soc. of U. S.,* 269 Ky. 549, 108 S. W. 2d 184; neither can a party split up an entire cause of action and maintain several suits for parts of his demand, as recovery of one judgment under such circum-

stances bars the maintenance of any further claim. *David S. Stern Corp. v. Richard Nathan Corp.*, Sup., 42 N. Y. S. 2d 249.

The New York Courts held in *Re Andrews' Estate,* 172 Misc. 373, 15 N. Y. S. 2d 325, that there should be but one action only to settle the rights of the parties when all rights can be properly determined in a single action. Discussing this question further in the case of *Scotto v. Socony-Vacuum Oil Co.,* 268 App. Div. 832, 49 N. Y. S. 2d 172, the same Court held that the rule against splitting causes of action is inapplicable to more than one cause of action in a single suit, but applies only where suit is brought on less than all matured claims arising out of the same contract.

Annotations on this subject will be found in Vol. 1, Fifth Decennial Digest, Actions, III, Key No. 38 *et seq.* See also 1 Am. Jur. 489, Section 108.

By reason of the payment of the judgment heretofore referred to, I am of the opinion that the case of *Floyd v. American Employers' Insurance Company of Boston Mass.,* 187 S. C. 344, 197 S. E. 385, 387, is very apropos. In that case the Insurance Company had issued its policy of liability on a fleet of fourteen automobiles, consisting of hearses and ambulances, owned by the respondent. As a result of a collision of one of these vehicles, five persons were injured. Suit was brought on the policy for recovery of the amount paid to three of those injured (the amount of damages in the other two cases not having at that time been determined as they were being litigated), resulting in a verdict for the respondent. Appellant paid and satisfied this judgment. Later, action was brought to recover the amounts paid the other two claimants, and appellant set up the defense that respondent had split her cause of action and pleaded the former judgment as a bar, contending that respondent's claim for damages taken singly or collectively could and should have been included in her previous action for reimbursement. This plea was overruled and a judgment was rendered against the

defendant who appealed to this Court. In disposing of this question, this Court said:

"It is manifest from the record that every element of damage now sought to be recovered by the respondent in the case at bar, had fully accrued at the time she brought her prior action of August 28, 1935. Prior to the commencement of that action, all liability of the respondent to the persons injured in the accident had finally been determined and adjudicated. * * * There is no element of damage claimed in the instant case which had not fully accrued at the time of the commencement of the plaintiff's prior action.

"The legal proposition that a judgment for a part of one entire demand is a conclusive bar to any other suit for another part of the same demand, is everywhere inflexibly maintained. No formula has been devised which furnishes a test for determining in all cases what contracts are severable and what are entire. The primary criterion for determining the question is the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question. 12 Am. Jur., Contracts, Sec. 315.

"The question of whether a contract is entire or divisible is ordinarily determined by inquiring whether the contract embraces one subject matter or more, whether the obligation is due at the same time to the same person, and whether the consideration is entire or apportioned. If the consideration to be paid is single and entire the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items. 12 Am. Jur., Contracts, Sec. 317. * * *

"In *United States v. Throckmorton,* 98 U. S. 61, 25 L. Ed. 93, it is said by the Federal Court that (page 65) "There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same par-

ties in regard to the same subject of controversy, namely, interest *rei publicae ut sit finis litium,* and *nemo debet bis vexari pro una et eadam causa.'* Hence the principle is uniformly and inflexibly maintained that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand. A claim which is in its nature entire cannot be split up into several causes of action, and if suit is brought for a part only of the items constituting an entire claim, recovery for that part will bar recovery in any subsequent suit for the residue or any other items of the same demand. *Pomeroy v. Prescott,* 106 Me. 401, 76 A. 898, 138 Am. St. Rep. 347, 21 Ann. Cas. 574.

"An epitome of the holding of the courts of various jurisdictions is found in the following quotation from 1 C. J. S., Actions, § 102f, p. 1310:

" 'The rule against splitting causes of action is restricted in its application to claims and demands which are parts of a single and indivisible cause of action and which are capable of recovery in the first action. A plaintiff who is not authorized to join the claims cannot later be met with the defense that he split the cause of action.

" 'If at the time of the commencement of an action to recover on a severable part of a claim, then capable of recovery in such action, another several part of such claim is incapable of recovery in that particular action, either because not yet due or because otherwise incapable of recovery in that particular action, it may be made the subject of a separate action without violating the rule prohibiting the splitting of causes of action. Thus, where several claims payable at different times arise out of the one cause of action, separate actions may be brought as each liability accrues, but where no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought to recover upon one or more that are due but not upon all that are due, a recovery in such action will be a bar to a second or other action brought either to recover one or

more of the other claims that were due at the time the first action was brought or for other relief based on the default in payment of such claims.

" 'The rule does not prevent plaintiff from suing for a part of a single cause of action; it applies only where the claims or demands are divided and made the basis of several actions; and if he does sue for a part, it merely precludes him from thereafter maintaining another action for the other portion.   *   *   *

"It is a rule generally recognized that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and the same form of action brought for each, or two suits maintained, without defendant's consent. A party may not split up his demand or prosecute it piecemeal or present only a portion of the grounds upon which relief is sought, and leave the rest for a second suit. If such were permitted there would be no end of litigation. For an interesting note on this subject dealing with insurance policies, see 69 A. L. R. 889.

*   *   *

" 'The result of the plaintiff's attempt to split his cause of action will be the loss of the principal part of his debt, which is to be regretted. But the law ceases to be law, it ceases to promote justice, if it is changed for every case. The greatest good to the greatest number requires a firm adherence to just general principles. Should we concede to the plaintiff in this case the right he claims to maintain these two suits, it would of necessity concede also his right to split his cause of action into twenty-five parts, one for every month's occupancy. Such a result would be simply intolerable.' "

The facts in the instant case are even stronger than those in *Floyd v. American Employer's Insurance Company of Boston, Mass., supra,* in that there, two of the claims at the time of the instigation of the case were still in litigation and

the amounts due thereon had not been determined, while here the full amount was due and payable.

The majority opinion reverses the Circuit Court and provides for foreclosure and sale of the real estate and other personal property with credit being allowed respondent for $100.00 by reason of his having paid this amount in satisfaction of the judgment rendered in the claim and delivery proceedings for possession of the Chevrolet car.

A mortgage may be so drawn as to include both real and personal property, which would pass title to the personal property upon maturity of the debt and default of payment, while in the case of real estate, only a lien would exist, thus giving the mortgagee an action in law for the one and in equity for the other; and this seems to be the premise upon which the majority opinion is based, but it goes further than that.

Upon the hearing of the claim and delivery proceedings for possession of the Chevrolet car, a monetary judgment was given appellant for $100.00 when the value of the car was found to be $75.00. The $100.00 judgment was paid by respondent and accepted by appellant, who now, for the first time and without offering to make restitution, takes the position that such judgment is null and void as being beyond the scope of the power of the Magistrate's Court in claim and delivery proceedings. With this I agree; but his contention comes too late. He cannot accept payment and satisfaction of the judgment, profiting thereby, and then in this Court be heard to say for the first time that the judgment is void. He is estopped from taking such position.

The majority opinion also has the effect of overruling respondent's defense in the claim and delivery proceedings for the Ford Truck, which was that appellant had split his cause of action. Bearing in mind that under the case of *Fairmont Creamery Co. v. Ewing, supra,* that this is an action arising out of contract, I am of the opinion that the

plea was proper, as the claim and delivery proceedings were actions at law arising out of the same contract.

Our own courts have long adhered to the doctrine that the law abhors a multiplicity of suits, *Salley v. McCoy,* 189 S. C. 157, 200 S. E. 724, and that it is the court's policy to end litigation promptly and prevent a multiplicity of suits, *Ex parte Boddie,* 197 S. C. 251, 15 S. E. (2d) 122.

I am apprehensive lest the majority opinion in this case permit and encourage the instituting of claim and delivery proceedings for the several items of chattel mortgages, resulting in a multiplicity of suits when one would suffice. Followed to its logical conclusion, one might simultaneously institute ten or more claim and delivery proceedings for as many separate items named in a chattel mortgage given to secure a debt of $1,000.00 or more alleging each item to have the value of not over $100.00, which would result in harassment to the mortgagor and create an intolerable situation.