Matthew J. Jasen, J.
Defendant moves to resettle the judgment entered by the plaintiffs against the defendant subsequent to a trial and written decision rendered by the Hon. Habby J. Fobhead at the December 1961 Term of this court in Chautauqua County, on the grounds that the judgment includes a money judgment against the defendant, which money judgment, it is alleged, is not authorized by said decision.
The question presented to the court is whether the decision as rendered by the Hon. Habby J. Fobhead authorizes the entry of a money judgment.
For the purpose of this motion, it is only necessary to consider the following paragraphs from said decision under findings of fact.
Paragraph (5) reads: “ That the plaintiffs in fact loaned to the defendant corporation the said sum of twenty thousand dollars ($20,000) on or about June 6, I960.”
Paragraph (6) reads: “ That the defendant corporation paid interest on the said note at the rate of 6% per annum to Novem *270 her 27,1960; that no payments of principal were ever made, and that the said sum of twenty thousand dollars ($20,000) with interest at the rate of 6% per annum from November 27, 1960 is now due to the plaintiffs Frederick Gr. Fischer, Dorothy M. Derby and Marshall F. Dunn from the defendant corporation.”
Paragraph (7) reads: “That the plaintiffs demanded payment in accordance with the terms of the note and the chattel mortgage on November 27, 1960, and again on March 1, 1961, and on March 14, 1961.”
Under conclusions of law, the decision reads: ‘ ‘ The plaintiffs are entitled to judgment that the defendant corporation be barred and foreclosed of all right, title, claim, lien and equity of redemption in the chattels described in the said chattel as follows: [Lists chattels] and that the said chattels be sold according to law and that out of the proceeds thereof the plaintiffs be paid the amount due on said mortgage with interest to the time of such payment and the costs of this action # * * I direct that judgment be entered accordingly. ’ ’
Section 440 of the Civil Practice Act sets forth the form of decision to be rendered and reads as follows: “ Upon a trial by the court without a jury, each party shall be deemed to have made a motion for judgment in his favor. The decision of the court may be oral or in writing and, except where a nonsuit is granted, must state the facts which it deems essential. So far as practicable, the court by such decision shall grant one or more of said motions for judgment, and such decision shall not be deemed to be the verdict of a jury. The decision shall form part of the record. In an action where the costs are in the discretion of the court, it must award or deny costs, and, if it awards costs, must designate the party to whom the costs to be taxed are awarded.”
It is clear from this section that a decision of the court must state facts which it deems essential. The decision in question lists findings of fact, conclusions of law and a final statement directing that judgment be entered accordingly.
Under the findings of fact, paragraph (6) {supra), the court finds “ that the said sum of twenty thousand dollars ($20,000) with interest at the rate of 6% per annum from November 27, 1960 is now due to the plaintiffs * * * from the defendant corporation.”
Rule 198 of the Rules of Civil Practice prescribes for the entry of a judgment upon a decision of the court and reads as follows: “ Judgment after trial of whole issue of fact. Except where otherwise expressly prescribed by law, judgment on the report of a referee after a trial by the referee of the whole issue of *271 fact, or on the decision of the court on the trial of the whole issue of fact without a jury, may be entered by the clerk, as directed therein, on filing the decision or report.”
This court is of the opinion that the judgment entered by the plaintiffs is based upon the decision of the court. Paragraphs (5), (6) and (7) of the findings of fact and the conclusions of law authorize the entry of said judgment.
It is not necessary that the decision be made in any particular form. In order for a judgment to be valid, it must rest upon a decision of one or more conclusions of law or fact, or both. (Metropolitan Life Ins. Co. v. Union Trust Co. of Rochester, 294 N. Y. 254, 259; Wise & Co. v. Doubleday, Doran & Co., 60 N. Y. S. 2d 719; Schoengold v. Bier, 268 App. Div. 832; 7 Carmody-Wait, New York Practice, pp. 7-16.)
Motion to resettle judgment denied and restraining order contained in order to show cause is vacated.