OPINION
By GEIGER, PJ.
This case is before this Court on an appeal from a judgment of the Municipal Court of the City of Columbus on questions of law only.
The petition filed by the State of Ohio in the trial court alleges the official capacity of the parties and the authority of the Bonding Company to do business in the State of Ohio. It is asserted that Esther D’Errico made application for D-3 liquor permit to the Department of Liquor Control issued, in accordance with §6064-15 GC; that as a prerequisite to obtaining-said permit she was required under §6064-18 GC, to give bond to *212 the State of Ohio, conditioned that if she should pay according to the terms of the Ohio Liquor Control Act and other laws of the State of Ohio all permit fees and penalties imposed under said Liquor Control Act and said laws of the State, and all taxes levied .under the provisions thereof for which she may be liable upon sales made by her of any kind of nonintoxicating or intoxicating beverages, whether under authority of her permit or otherwise, and faithfully observe the terms attached to the issuance of her permit and comply with all the laws of the State of Ohio and the rules of the Department of Liquor Control and the Tax Commission, the obligation would be null and void; otherwise, to be in full force.
It is alleged that she, as principal, gave bond in the sum of $1000.00 to the State with the defendant, The Inland Bonding Company as surety, conditioned as 'above set forth; that upon receipt of said application and the delivery of the bond, the Department of Liquor Control issued to her a liquor permit; that subsequently during the period from January 1st, 1937, through June 14, 1937, she, a vendor, subject to the retail sales act, made retail sales of certain taxable merchandise including both intoxicating and nonintoxicating liquors upon which sale the taxes were never paid to the State of Ohio.
It is alleged that by virtue of this failure to pay the retail sales tax upon the sales made she and the defendant as surety under said bond owe to the State of Ohio the sum of $82.81 as sales tax and an additional sum of $12.42 as penalty; that the defendant refuses to comply with the obligation of the bond. Judgment is asked against the bondsman in the sum of $95.23.
An answer was filed by the bonding company admitting certain formal matters, and that Esther D’Errieo made application to be issued a permit in accordance with §6064-15 GC; that as a prerequisite to obtaining said permit she was required by §6064-18 GC; to give a bond, and that she did give said bond in the sum of $1000.00 with the defendant as surety; that upon the receipt of the application and the delivery of the bond the Department of Liquor Control issued to her a liquor permit; that subsequently during the period stated in the petition she, a vendor, subject to the retail sales act, made retail sales of certain taxable merchandise, upon which sales the tax was never paid to the State of Ohio.
It is further alleged that on January 27, 1941, the Hearing Board of the Division of Sales and Excise Taxes of the Department of Taxation determined that during the period from January 1st,. 1937, to June 14, 1937, she made sales subject to the sales tax in the following amounts:
Food sales, $328.00; tobacco» $164.00; soft drinks, $123.00; liquor, $3283.54; miscellaneous sales, $82.00; total, $3980.54.
That by virtue of the sales there was due to the State under the retail sales act the sum of $119.41; that she had purchased prepaid tax receipts in the amount of $36.61; that there remains due and unpaid by virtue of said assessment the sum of $82.81 with penalty in the sum of $12.42.
The defendant further alleges that even though she may be and is m default for the tax as levied under the sales act, her failure to pay said tax does not constitute and is not a breach of the terms of said bond, and that said failure is not covered by the terms of the bond.
*213 The plaintiff demurs to this answer on the ground that the things therein contained are insufficient in law to constitute a defense.
Thereupon the cause came on for hearing upon the demurrer and the same was sustained and the defendant, not asking to plead further, the Court found upon the pleading that the defendant is indebted to the plaintiff in the sum of $95.23, for which judgment is awarded against the surety.
Upon notice of appeal the matter is now for the consideration of this Court, on question of law only.
Assignment of Errors.
The defendant-appellant assigns seven grounds of prejudicial error, which we state briefly:
The Municipal Court erred, (1) In entering final judgment in favor of the plaintiff;
(2) In sustaining the demurrer of the plaintiff to the answer;
(3) In failing to overrule the demurrer;
(4) In finding that the petition stated facts sufficient to constitute a cause of action;
(5) In Sliding that the answer of the defendant was insufficient;
(6) In finding that the surety bond, a bond issued in order to obtain a liquor permit, is liable for the failure of the permit holder to ■collect and pay retail sales taxes.
(7) In finding that the failure of the liquor permit holder to pay retail sales tax is a breach of the ■condition of the bond given in pursuance of §8064-18 GC.
It is alleged that by reason of the errors the defendant-appellant is entitled to have said judgment reversed with instructions to the Municipal Court to overrule the demurrer of the plaintiff.
While the amount involved in this particular case is small, the Court is informed that there are numerous other similar cases in which a judgment against this and other bondsmen in very substantial amounts might be recovered, and we therefore feel justified in considering the case at some length.
Question for Determination
The sole question is whether the failure of a liquor permit holder to collect and pay the taxes on retail sales levied under §5546-2 GC, constitutes a breach of the condition of the bond required by §6064-18 GC. The Attorney General maintains that the bond is liable for the payment of the retail taxes which the permit holder failed to pay, and urges that the Legislature in order to protect the public placed restrictions upon those who desired to vend liquor; that this privilege is not an inherent right, and that, therefore, one desiring the privilege can not complain that in return therefor he is subject to regulations, not imposed upon one not engaged in the sale of liquor.
The permit involved is a D-3 permit, and was obtained by reason of the fact that the permittee operated a duly licensed restaurant. All restaurants are required to obtain a vendor’s license and pay retail sales tax upon items sold, including food, liquor, soft drinks, etc. The State maintains that the permit holder, having met one of the legal requirements for obtaining a liquor permit, to-wit, being a duly licensed restaurant keeper, any condition imposed by law upon the operation of the restaurant, such as the collection and payment of the retail sales tax, becomes a part of the permit and the surety, under the principal’s default, becomes liable.
The defendant-appellant, Tha Inland Bonding Company, agrees *214 that the issues are correctly stated by the Attorney General, but maintains that the bond is not conditioned upon the payment of retail sales taxes by the holder of a permit to sell liquor, and that the failure of the permittee to pay the retail sales tax imposed by the sales tax act does not constitute a breach of the conditions of a bond executed in pursuance of §6064-18. It is urged that the bond given in this case is not conditioned on compliance with all laws of the State of Ohio, but only those relating to the sale of liquor by the permittee.
It is insisted by appellee that if the construction sought by the State is adopted the liability of the surety is limitless and would render it liable for every form of taxation imposed upon the permittee for any activity in which the permittee may be engaged entirely remote from the sale of liquor. It ■ is urged that the reasonable interpretation of the law limits the liability of the surety to violations by the permit holder of terms of the laws relating to the business incident to the sale of liquor under the permit issued.
Before examining in detail the several statutes directly relating to the bond in this case, it might be wise to briefly sketch the general principles in reference to sureties on bonds. We set out some of these principles.
The obligation of a surety is a matter of strict law and can never arise from implication; he has a right to say for what he is bound, and his liability arises only by reason of his having signed the bond or undertaking; he is bound only as he has agreed to be bound and not liable beyond the plain terms of his engagement; his liability is measured by the conditions of his contract rather than by the character of the contract.
It will not be implied that he has undertaken to do more or other than what is expressed in the obligation, and he can not be made liable for that which falls outside of his obligation.
38 O. 3ur. p. 439, et seq.
“A surety is liable only according to the terms of his contract and the fair import thereof.”
While it seems to be conceded that there is no statute under the Sales Tax statute providing for the giving of a bond by a vendor, it may be worth while to note some of the provisions of the statutes relating to sales tax which may be found in §§5546, et seq.
Section 5546-15-16-17 GC, provide for the penalty for failure of a vendor to collect the tax, and enumerates under what condition the vendor shall be deemed guilty of a misdemeanor.
Sec. 5546-16 GC provides that whoever violates any provision of the prior sections or any lawful rule promulgated by the Commission shall be guilty of a misdemeanor. We have endeavored to find any provision of this chapter which requires the giving of a bond by the vendor. There may be such, but they have not been called to our attention.
We must conclude that the defendant Bonding Company can not be liable for any act of the permittee under the laws affecting all vendors, whether engaged in the sale of intoxicating liquor or not, but that his liability is confined to that imposed by the liquor statutes.
The liquor control act is found in §6064-1, et seq. The specific sec *215 tion under examination is 6064-18 GC.
The bond provided for Class D-3 permittees is $1000.00.
The controversy between the parties centers largely around the correct interpretation of the phrase “conditioned on the faithful observance of the terms of the particular class of permit and in compliance with all laws of the State of Ohio and rules, regulations and orders of the Department of Liquor Control and Tax Commission of Ohio with respect thereto.” It is maintained by the State that the provision that the bond shall be conditioned upon the faithful observance of the terms of the particular class of permit and compliance with “all the laws of the State of Ohio” makes the bondsman liable upon the failure of the permittee to observe “all laws of the State of Ohio”, which would include the law requiring a vendor to collect a tax on chattel properties sold under the provision of the sales tax act and account therefor.
On the other hand, defendant contends that the phrase “with respect thereto” relates to the preceding phrase “particular class of permit.” In other words, the broad distinction between the claims of the two parties is that the State insists that by the use of the phrase “compliance with all the laws of the State of Ohio” makes the defendant liable for any failure of compliance with the sales tax act, which is not a part of the liquor act, whereas, tne defendant bondsman insists that the provision for “compliance with all .the laws of the State of Ohio” is limited tc such laws, “rules and regulations of the Department of Liquor Control and of the Tax Commission with respect thereto” means that the “faithful observance” covered by bonds relates only to the regulations of the Liquor Control Board and the Tax Commission with respect to taxes directly enumerated in §6064-18 GC, which limits the provision of the bond to the “faithful observance of the terms of the particular class of permit and compliance with all laws of the State of Ohio and the orders of the Department and of the Tax Commission with respect thereto”, that is, with respect to observance of the terms of the particular class of permit and to the laws of the State of Ohio in reference to said permit.
It is definitely provided that the bond covers taxes levied, for which the principal may be liable upon sales made by him of “any kind of non-intoxicating or intoxicating beverage or liquor, whether under authority of such permit or otherwise.” In the answer of the defendant, it is admitted that the Department of Taxation determined that during the period from January 1st to June 14, the permit holder had retail sales subject to said sales tax.
The answer admits that there was due under the terms of the retail sales act the sum of $119.41, and that the said permit holder purchased prepaid receipts in the amount of $36.61, and that there remains due $82.82 with penalty. The immediate difficulty will be to ascertain how much of the sums that remain unpaid is due to the sale of any kind of “non-intoxicating or intoxicating beverage or liquor, whether under the authority of such permit or otherwise.” $3283.00 was the amount on which the retail tax is due upon the sale of liquor assumed to be intoxicating. The amount determined upon the sales tax as due for soft drinks is $123.00. It may be assumed that a soft drink is a non-intoxicating beverage. The permit holder purchased prepaid tax receipts in the *216 amount of $36.61. The total amount of tax due upon intoxicating liquors and soft drinks may be readily determined from the matters set up in the petition and conceded in the answer, or which may be further developed in the testimony before the trial court.
Judgment reversed; cause remanded for further proceeding before the Municipal Court.
BARNES & HORNBECK, JJ., concurring.