Weygandt, C. J.
 

 The surety bond here involved was furnished under the requirements of Section 6064-18, G-eneral Code, which reads in part as follows:
 

 “No permit other than a class C-l, class D-l, and ■class F permit shall be issued unless and until the applicant therefor shall have furnished a bond to the state of Ohio, with surety to the satisfaction of the commission, conditioned on the faithful observance of the terms of the particular class of permit and compliance with all laws of the state of Ohio and rules, regulations, and orders of the department of liquor control apd the tax commission of Ohio with respect thereto, and the payment of all permit fees, taxes and penalties levied under the provisions of the liquor control act, and amendments' and supplements thereto, upon sales made by him of any kind of nonintoxicating or intoxicating beverages or liquor, whether under authority of such permit or otherwise.”
 

 The wording of the bond is not quite the same as the ■statute. However, counsel’have simplified the controversy by agreeing, first, that the surety’s liability is fixed by the provisions of the statute, and, second, that the surety is liable for either all or none of the amount of retail sales taxes and penalty claimed in the petition.
 

 
 *191
 
 Possibly it should be observed that this action involves no claim for any fee, tax or penalty imposed by the so-called Ohio Liquor Control Act alone; nor does-it involve any question of liability on the part of Esther D’Errico, the restaurant owner, inasmuch as she admittedly owes the amount of retail sales taxes claimed. Beduced to its lowest terms, the single question here presented is whether the provisions of Section 6064-18,, General Code, a section of the Ohio Liquor Control Act, impliedly impose additional liability upon the-surety for the retail sales taxes levied generally upon sales of merchandise in Ohio.
 

 Part of the above-quoted statutory language requires-that the bond shall be “conditioned on the faithful observance of the terms of the particular class of permit, and compliance with all laws of the state of Ohio and rules, regulations, and orders of the department of liquor control and the tax commission of Ohio with respect thereto, * * *.” The chief source of difficulty is the phrase “with respect thereto.” Correctly viewing it as a problem in plain, old-fashioned grammar,, the relator applies the general rule of “last antecedent” and contends that this phrase modifies the earlier phrase “all the laws of the state of Ohio,” He insists that this language is all-inclusive and therefore connotes also the laws relating to taxes on retail' sales. But the respondent disagrees with this and urges instead that the phrase “with respect thereto”' modifies the still earlier word “permit.” Although any sentence containing as many as ten “ands” is almost certain to be confusing, a close study of these-provisions discloses that the General Assembly has gone no farther than to require a bond covering compliance with the terms of the permit and compliance with all' laws with respect to the
 
 permit.
 
 The laws relating to-the permit are silent as to the retail sales tax.
 

 
 *192
 
 The last part of the above-quoted statutory language of Section 6064-18 requires further that the bond shall be conditioned also upon “the payment of all permit fees, taxes and penalties levied under the provisions of the liquor control act, and amendments and supplements thereto, upon sales made by him of any kind of nonintoxicating or intoxicating beverages or liquor, whether under authority of such permit or otherwise.” 'This language was added to the statute in the year 1935 and specifically enumerates “fees, taxes and penalties levied under the provisions of the liquor control act” alone.
 

 This court is therefore of the opinion that this statute imposes no' liability upon the respondent surety for retail sales taxes. The judgment of the Court of' Appeals must be reversed accordingly and final judgment entered for the respondent.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.