[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, Travelers Casualty and Surety Company, filed a complaint against defendant-appellant, W. Deems Clifton, seeking reimbursement of $350,000 it had paid out on a guardian's bond due to Clifton's breach of his fiduciary duties to the estate of Ollie Cawein. See In re Guardianship of Cawein
(Nov. 1, 1995), Hamilton App. No. C-940885, unreported. Clifton filed a counterclaim against Travelers, alleging that it had breached the terms of the written bond contract and an alleged oral modification of the written contract between the parties. The trial court granted Travelers' motion for summary judgment, holding that (1) the issue of Clifton's liability to the estate and on the bond was res judicata; (2) the additional duties that Clifton alleged to be part of the written bond contract did not exist under the terms of that contract; and (3) no valid oral contract existed between the parties because of the failure of the alleged consideration.
Clifton has filed a timely appeal from the trial court's judgment. He presents three assignments of error in which he argues that the trial court erred in granting summary judgment in favor of Travelers. We find no merit in these assignments, which we will discuss collectively.
Contracts of surety are strictly construed and should not be extended beyond their express terms. State ex rel. Herbertv. Inland Bonding Co. (App. 1942), 37 Ohio Law Abs. 211, 46 N.E.2d 623, 625-626, reversed on other grounds (1943), 142 Ohio St. 189,51 N.E.2d 710; Carter v. Bernard (C.P. 1971), 27 Ohio Misc. 165,167-168, 269 N.E.2d 139, 141. Clifton contends that Travelers had a duty to notify him and to obtain his consent before entering into any settlement with the estate, as well as a duty to protect his financial interests. However, the written bond contract contains no such provisions, and Travelers did not owe these duties to Clifton under the express terms of that contract.
Clifton further contends that the parties agreed to an oral modification of the written contract. The proponent of an alleged oral contract modifying the terms of a written contract must establish the existence of new and valid consideration supporting the oral contract. Thurston v. Ludwig (1856), 6 Ohio St. 1,9; Synergy Mechanical Contractors v. Kirk Williams Co.,Inc. (Dec. 22, 1998), Franklin App. No. 98AP-431, unreported;Bichsel v. Laughlin (Sept. 27, 1995), Tuscarawas App. No. 95 AP 030010, unreported. New and valid consideration may consist of either a benefit to the promisor or a detriment to the promisee.Brads v. First Baptist Church of Germantown, Ohio (1993),89 Ohio App.3d 328, 336, 624 N.E.2d 737, 743; First Natl.Bank of Ohio v. Cassell (Mar. 29, 1995), Summit App. No. 16823, unreported. However, one party simply agreeing to do what that party is already obligated to do does not constitute new or separate legal consideration. Rhoades v. Rhoades (1974), 40 Ohio App.2d 559,562, 321 N.E.2d 242, 245; Coady Contracting Co. v. Brand Rd.Investment Co. (June 14, 1990), Franklin App. Nos. 88AP-986 and 88AP-1195, unreported.
All of the items that Clifton claimed constituted new consideration for the alleged oral contract provided no detriment to him and no benefit to Traveler's. Further, to a large extent, they were actions that Clifton was already obligated to do under the written bond contract. See Brenckle v. Brenckle (1956),165 Ohio St. 105, 110-111, 133 N.E.2d 361, 365; Wise v. Miller (1887),45 Ohio St. 388, 399, 14 N.E. 218, 224; Certified Alarm SignalCo., Inc. v. Chasteen, Inc. (Sept. 16, 1988), Lucas App. No. L-88-031, unreported. As the trial court stated, "[d]efendant's assertions of consideration can best be summarized by the statement that they have no real value to anyone but himself." Consequently, because there was no separate consideration, no valid oral contract existed as a matter of law.
We find no issues of material fact. Construing the evidence most strongly in Clifton's favor, we hold that reasonable minds could reach but one conclusion, that he is obligated under the plain language of the written bond contract to reimburse Travelers for the amount it paid to the estate of Ollie Cawein. Travelers is entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. See Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 47; Crowninshield/Old Town Comm.Urban Redevelopment Corp. v. Campeon Roofing Waterproofing, Inc.
(Sept. 18, 1998), Hamilton App. No. C-970420, unreported.
Accordingly, we overrule Clifton's three assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge